33 C.C.P.A.(Patents)

In re SWAIN et al.

Patent Appeal No. 5178.

Court of Customs and Patent Appeals.
June 27, 1946.

James Edwin Archer, of Stamford, Conn., for appellants.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 1, 2, 3, and 4 being all the claims in appellants' application for a patent on coating compositions containing substantial amounts of polyvinyl acetate acetal and a melamine-formaldehyde resin. Claims 1, 2, and 4 were rejected as unpatentable over the prior art of record and claim 3 was rejected "as not reading on the elected species."

The references are—Miller 2,195,254 March 26, 1940; Widmer et al. 2,197,357 April 16, 1940; D'Alelio 2,320,816 June 1, 1943; D'Alelio 2,320,817 June 1, 1943; D'Alelio 2,325,375 July 27, 1943; D'Alelio 2,332,896 Oct. 26, 1943.

Claim 1 is regarded as illustrative—

"1. A coating composition containing substantial amounts of polyvinyl acetate acetal and a melamine-formaldehyde resin which has been reacted by heating with an alcohol selected from the group consisting of butyl alcohols and benzyl alcohol, wherein the molal ratio of formaldehyde to melamine is at least about 5:1."

The involved subject matter was described by the Board of Appeals—"The appealed claims relate to a coating composition said to be particularly suitable for use as a baking enamel. It comprises two principal constituents of resinous nature, one of which is an alkylated melamine-aldehyde type of resin and the other a compatible resinous material of the type set forth by the claims. The particular features, such as the other resinous material and ratio of constituents involved, are believed sufficiently apparent for purpose of discussion from the quoted claims."

The board after correctly pointing out that the supplemental citations of Miller and the three D'Alelio patents disclose polyvinyl acetal resins combined with various other resinous bodies, affirmed the action of the examiner in his rejection of claims 1, 2, and 4 based on the cited D'Alelio disclosures and held that appellants' claimed proportions were not shown to be critical and that invention did not apply to them.

D'Alelio's cited patents relate broadly to resinous compositions and, as described in the specification of patent No. 2,320,817, melamine is mixed with formaldehyde in the proportion of 6 to 7 mols of formaldehyde to 1 of melamine. Furthermore, that mixture is reacted with various alcohols, including butyl, and such mixture in turn may be mixed with "polyvinyl compounds such as * * * polyvinyl acetate, polyvinyl acetals." Disclosures of a similar nature are to be found also in the other two patents to D'Alelio cited herein.

According to appellants' contention, D'Alelio deals with "complex" resinous compositions rather than the claimed "simple" melamine-formaldehyde resins, and for that reason the cited patents are obviously irrelevant herein. The point raised by appellant is clearly without merit. The examiner correctly held "Merely because melamine resins are newer does not mean that it is patentable to try melamine-formaldehyde resins where the older * * * resins are used." See In re Berger, 143 F.2d 971, 31 C.C.P.A., Patents, 1234.

The claimed molal ratio of formaldehyde to melamine of at least about 5 to 1 is within the range of proportions herein-

before described by D'Alelio and the affidavit submitted by appellants does not establish critically by a proper showing.

In the absence of a proper showing of an unexpected and superior result over the disclosure of the prior art, no invention is involved in a result obtained by routine experimentation. See authorities cited in companion appeal, 156 F.2d 239.

For the reasons stated, the decision of the Board of Appeals, which rejected claims 1, 2, and 4 as unpatentable over the art of record, and claim 3 as drawn to a non-elected species with no allowable generic claim, is affirmed.

Affirmed.