STATE ROAD DEPARTMENT OF FLORIDA v. UNITED STATES.

No. 12133.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1948.

Calvin A. Johnson, of Tampa, Fla., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., Roger P. Marquis and Elizabeth Dudley, Attys. Department of Justice, both of Washington, D. C., H. S. Phillips, U. S. Atty., of Tampa, Fla., and William D. Jones, Jr., Special Asst. to Atty. Gen., for the United States.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

On the 6th of February, 1943, the United States instituted condemnation proceedings to secure the use during the then existing national emergency of certain parcels of land in St. Lucie County, Florida, as an amphibious training base. The State Road Department of Florida was the owner of the land on which a segment of highway extended into the area taken, but it was not made a defendant in the proceedings nor did the petition attempt, by express description, to condemn any part of such road or right of way. On the contrary, the amended petition expressly stated that "all rights of way deeded or acquired for public roads thru this tract" were excepted from the lands taken. On March 18, 1946, a final judgment was entered fixing the compensation to be paid defendant landowners, with no provision for any payment to the State Road Department.

After such final judgment the United States gave public notice that the trial of all matters relating to damages to lands taken would begin on February 5, 1947. On March 27, 1947, the State Road Department filed a petition in the condemnation suit alleging that it owned the legal title to the highway within the area and that the United States: (a) had taken exclusive possession at the time of the original taking of the lands; (b) had posted guards at the end of a bridge on the road and had excluded it and the public from use thereof from March, 1943, until August, 1946; (c) had made such hard and constant use of the road by its trucks and equipment as to practically destroy it and so as to make it necessary, upon its return to the State Road Department, for it to expend the sum of $14,818.32 to restore the highway to the condition it was in when taken.

A motion of the United States to strike the amended petition of Appellant was sustained, with this appeal resulting.

The Road Department is here insisting that since the petition in condemnation embraced all the land within the area, and since it owned the road in fee simple and not merely an easement or right of way, the exception of the existing easements or rights of way did not exclude its land and the road located thereon, and consequently the United States took the highway in the condemnation proceedings. Its argument, so premised, continues to the conclusion that since the United States had thus taken its road and by its exclusive and hard use had practically destroyed same, it, the owner, was belatedly entitled to an award of compensation in the condemnation proceedings of which it learned without notice and by chance.

Taking, as we must, the allegations of the petition of the Road Department as true, we reach the following conclusions: (1) that the highway was not embraced in, nor sought to be included in, the condemnation proceedings; (2) that the United States nevertheless took the exclusive possession and use of the highway so as to exclude the public and the Road Department therefrom and without making compensation therefor; (3) that under the record before us the Court of Claims [1] would have exclusive jurisdiction to hear and determine Appellant's claim unless, of course, the compensation, not to exceed $10,000.00, was sought under the Tucker Act, 28 U.S.C.A. § 41(20).[2]

---

[1] United States v. Great Falls Manufacturing Company, 112 U.S. 645, 5 S. Ct. 306, 28 L.Ed. 846; Dooley v. United States, 182 U.S. 222, text 229, 21 S. Ct. 762, 45 L.Ed. 1074.

[2] United States v. 534.7 Acres of Land in Orange County, Florida, 5 Cir., 157 F. 2d 828; Hurley, Secretary of War, v. Kincaid, 285 U.S. 95, text 104, 52 S.Ct. 267, 76 L.Ed. 637; United States v. Dickinson, 331 U.S. 745, 67 S.Ct. 1382.

Since, under the aforementioned express exceptions, there was no taking by eminent domain of the use of any part of Appellant's right of way or roadway, such as might support a claim of consequential damage to other property severed but not taken, Appellant is not entitled on that basis to maintain the present suit. Even though in appropriate proceedings in the proper forum Appellant might waive objections to the failure of the Government to make it a party defendant in the condemnation proceedings and elect to regard the action of the Government as a taking under its sovereign right of eminent domain and therein to demand just compensation or damages for the taking and use of its property, it cannot do so in the proceedings now before us. Cf. United States v. Great Falls Manufacturing Company, 112 U.S. 645, 5 S.Ct. 306, 28 L.Ed. 846.

Under the Constitution there is an implied obligation to pay just compensation whether the taking be under eminent domain or otherwise, but the Government does not appear to have given its consent to be sued for such compensation unless suit be brought in the manner provided by statute.

The judgment of the lower Court is affirmed, without prejudice to the right of Appellant to take such other further, appropriate, and timely proceedings as it may deem advisable.

Affirmed.