36 C.C.P.A.(Patents)

### Application of POLLACK et al.
### Patent Appeal No. 5602.

United States Court of Customs and Patent Appeals.
June 28, 1949.

Edmund H. Parry, Jr., Washington, D. C. (Olen E. Bee, Pittsburgh, Pa., and Raymond S. Chisholm, Pittsburgh, Pa., of counsel), for appellant.

W. W. Cochran, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting all of appellants' claims, 21 to 27, inclusive, for a patent alleging "new and useful improvements in Impregnated Fibrous Product."

Appellants have moved in their brief to withdraw the appeal with respect to claim 28, which motion will be granted.

The appealed claims were rejected on the following references:

Baird et al., 2,133,183 Oct. 11, 1938; Shand et al. 2,209,850 July 30, 1940; Palm et al. 2,219,054 Oct. 22, 1940; Rothrock 2,221,663 Nov. 12, 1940; Harvey 2,314,701 Mar. 23, 1943.

After appeal had been taken to the Board of Appeals, an affidavit by Walter R. Hoover was filed, alleged by appellants to indicate that the claimed compositions are patentable over prior art compositions, and the application was thereupon remanded to the Primary Examiner for reconsideration. The examiner in his supplemental statement, after having given consideration to the affidavit, adhered to his former rejection and returned appellants' application to the Board of Appeals.

A petition for reconsideration of the decision of the Board of Appeals was made to the board and a second petition for reconsideration was likewise made by appellants. Both such petitions were considered by the board, but denied by it with respect to making any changes in any of its decisions.

Claim 25 is regarded as illustrative—

"25. As a new composition of matter, a sheet of fibrous glass fabric impregnated with a resinous polymer comprised substantially entirely of an ester of a dicarboxylic acid and two molecular equivalents of a monohydric alcohol containing an olefine bond in an aliphatic carbon chain said olefine bond being adjacent the second carbon atom from the hydroxy group therein."

The involved subject matter was succinctly described by the Board of Appeals— "The subject matter of the appealed claims relates to a novel type of laminated fibrous article formed from a multiplicity of superimposed fibrous glass sheets which are impregnated and bonded by resinous polymer which requires no pressure and relative low temperatures for curing the resulting product and the method of preparing the article. The particular resin used is a polymer of an unsaturated alcohol polyester of a polycarboxylic acid typical of which are diallylphthalate glycol, viz. allyl carbonate."

The appealed claims were rejected by the examiner on the ground that the several patents to Baird et al., Shand et al., Palm et al., and Harvey clearly disclose "fibrous glass fabric" impregnated with different though related synthetic resins; that the patent to Rothrock clearly discloses the specific resin in the composition of glass fabric and resin defined in the appealed claims; and that no invention was involved on the part of appellants in substituting the resin disclosed in the patent to Rothrock for the resin disclosed in the several patent references, since it was old in the art to utilize any known resin as a substitute for any other known resin in a specific process of lamination. The examiner in support of his position relied, among other authorities, upon the case of Minnesota Mining & Mfg. Co. v. Coe, 73 App.D.C. 146, 118 F.2d 593, wherein a similar type of rejection had been previously made. The Board of Appeals affirmed that rejection by the examiner.

Appellants contend that the properties of their claimed composition are not predictable and therefore the tribunals of the Patent Office erred in holding that no invention was involved in substituting the resin disclosed in the patent to Rothrock for the resins disclosed in the several patent references. In view of the record, however, the court finds no manifest error in the rejection of the claims by the Patent Office on the ground in question, nor in the following pertinent quotation from the examiner's statement: "In connection with all of

the claims under consideration, applicant has emphasized that an unpredictable reaction (chemical?) occurs as between the specific resins utilized by applicant and the glass fibrous material of applicants' construction. It is desired to state, in this connection that a *physical* reaction *always* occurs as between a laminating adhesive and the laminate adhered thereby and, also, it is probable that a *chemical* reaction, as well, occurs as between the glass fibrous material of each of Palm et al., Shand et al., Baird et al., and Pellet and Harvey, all of record, and the specific resins utilized by the respective patentees in question, this opinion of the examiner being strengthened by applicants' own statement that the phenolic resins, for example (utilized by certain ones of the patentees) are adapted to the use ('compare favorably with') which applicant has indicated for the specific resin recited in applicants' claims under consideration." (Italics quoted.)

Appellants in their final petition to the Board of Appeals for reconsideration made the following statement which is regarded by the court as defining the primary question here in issue:

"As the matter now stands, claims 21 to 27 are rejected as unpatentable over Shand et al., Baird et al., Palm et al. and Harvey in view of Rothrock. * * *

"By way of recapitulation, it is desired to summarize briefly the involved issue. Applicants have described and claimed a novel laminated fibrous article which comprises a plurality of sheets of fibrous glass fabric impregnated and bonded together with a resinous polymer of an unsaturated alcohol-dicarboxylic acid ester such as allyl phthalate. (See Claim 23). The prior art shows that the use of phenol resins to bond fibrous glass sheets together is old. However, it has been applicants' position that the unusually superior strength characteristics which applicants obtain warrant the allowance of the claims which have been presented."

Appellants contend here again that their disclosed composition is "far stronger" than that of the prior art and that such increases in strength are so unusual as to amount to changes in kind rather than degree, and that the superior properties of appellants' composition permit new uses thereof in many fields where prior art resinous products were unsuitable.

Evidence offered by appellants in support of their position was submitted in an affidavit by William R. Dial. Dial, according to the affidavit, performed a series of tests in which appellants' product was compared by him with technical data published at page 184 in the "Plastics Catalog," 1942. From those comparative tests Dial concluded that the glass fabrics impregnated with the resin utilized by appellants have physical properties "far superior to glass fiber compositions impregnated with other commercially used resins." The data reproduced in appellants' brief was selected data and when read in the light of other data, to which no reference was made, a serious doubt remains as to whether the claimed composition, when compared with other known and commercially used resins, was actually so unusual in strength as to amount to changes in kind rather than degree. Moreover, Cecil W. Armstrong, upon whom appellants rely as authority, was quoted in "The Iron Age" to the effect that, as late as July 22, 1943, reliable engineering data on plastic materials was needed by those working in the art and that much remained to be done in that direction.

The affidavit of appellant Strain, which appellants also offered in support of their position, alleges that he was acquainted with the article by Henry Sang in the August edition, 1943, of "Aero Digest," wherein a test of a "phenol resin bonded 'OC-63 Fiberglas' laminate is reported; that according to said test said laminate had an ultimate tensile strength of 34,000 pounds per square inch." In that connection the Solicitor for the Patent Office contends that in the data of the "Plastics Catalog," the same laminate had a tensile strength of upwards of 20,000 pounds per square inch; and he contends further that, as stated by the examiner, appellants during the prosecution of their application admitted that in the matter of flexual strength, resins of the phenol-formaldehyde category "generally compare favorably with" appellants' particular resins. The suggestion is also made in the brief of the solicitor that the prod-

uct claimed by appellants has increased tensile and flexual strengths of no more than "at least 10 to 20% higher than that of corresponding phenol resin laminates which are reported in the literature."

 The patentability of their claimed composition is further urged by appellants on the ground of its suitability for a new use as a wing liner in association with self-sealing gasoline tanks mounted in the wings of military aircraft, as evidenced by the affidavit of Walter R. Hoover, hereinbefore described. Such availability, according to the Hoover affidavit, appears to rest upon the statement that appellants' composition demonstrated a "resistance to shattering under impact of a bullet over a temperature range of -50 to 160°F." There is no mention made in the application filed by appellants as to the availability of the composition for the new use suggested by the Hoover affidavit, and it is therefore doubtful that the facts set forth in that affidavit tend to establish the patentability of the composition. In re Robertson, 127 F.2d 304, 29 C.C.P.A., Patents, 977; Abbott et al. v. Coe, 71 App.D.C. 195, 109 F.2d 449.

The Board of Appeals acknowledged that there was a difference in strength between appellants' product and that of the prior art but held that such difference in strength was, in accordance with the cited disclosure of the prior art, an expected result from appellants' use of their described resins. The tests relied upon by appellants to establish the alleged superiority of their claimed composition over the products of the references are inconclusive and carry no certain or decisive conviction. Appellants have followed the teachings of the prior art and have accordingly accomplished an expected result, as the tribunals of the Patent Office have held.

For the reasons stated, and under the authorities hereinbefore cited, we find no manifest error in the decision of the Board of Appeals. See also In re Berger, 143 F.2d 971, 31 C.C.P.A., Patents, 1234; In re Swain et al., 156 F.2d 246, 33 C.C.P.A., Patents, 1266; In re Gauerke, 86 F.2d 330, 24 C.C.P.A., Patents, 725; L. Sonneborn Sons, Inc., v. Coe, 70 App.D.C. 97, 104 F.2d 230. Accordingly, the appeal as to claim 28 is dismissed, and the decision of the Board of Appeals as to the remainder of the appealed claims is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.