44 C.C.P.A.(Patents).

## Matter of the Application of Irving ROSSI.

### Patent Appeals No. 6238.

United States Court of Customs and Patent Appeals.

Feb. 8, 1957.

Emery, Varney, Whittemore & Dix, New York City (Nichol M. Sandoe, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and WORLEY, RICH, and JACKSON (retired), Judges.

JOHNSON, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the primary examiner of the two remaining claims of appellant's application No. 214,467 for a patent on an apparatus for the continuous casting of metals, on the ground of lack of invention

over prior art. The appealed claims are as follows:

"2. Apparatus as claimed in claim 1 in which said space does not exceed one eighth inch.

"3. An apparatus for the continuous casting of molten metal, comprising, in combination, a reservoir or furnace containing a supply of molten metal, a mold having a mold passage extending therethrough, a spout connected to said reservoir or furnace for conducting molten metal to said mold, the lower end of said spout extending into said mold passage with the outside peripheral wall of said spout shaped to conform to the inside peripheral wall of said mold passage and spaced therefrom around the entire peripheral wall so that the spout does not touch the wall of the mold passage, the space being sufficiently narrow to prevent the rise of molten metal into said space."

While claim 2 refers to apparatus as claimed in claim 1, it is clear from the record that claim 1 has been canceled and rewritten as claim 3. Claim 2 should therefore be read as being dependent upon claim 3, and we have so considered it here.

The references relied on are:

Pehrson   1,088,171   Feb. 24, 1914
Hopkins   2,369,233   Feb. 13, 1945

Appellant's application discloses a vertical water cooled cylindrical mold located below a reservoir or furnace. The mold is supplied with molten metal by means of a vertical spout leading from the reservoir or furnace and extending axially into the top of the mold where it terminates in a circular portion of such size that a small clearance is provided all around between it and the inner wall of the mold. As the molten metal in the mold solidifies it is withdrawn by downward movement through the bottom of the mold and automatically replaced by more molten metal flowing in at the top. Lubrication between the metal and the wall of the mold is provided by inserting lubricant into the annular space between the mold and the spout.

The Pehrson patent discloses a continuous molding apparatus comprising a reservoir for molten metal and a spout which extends from the reservoir and enters the end of a water-cooled cylindrical mold, the fit between the spout and the mold being such that the mold may be reciprocated with respect to the spout. Molten metal enters one end of the mold and solid metal is removed from the other. Lubricant may be placed on the outside of the spout and will be carried into the mold by the reciprocating movement. The Hopkins patent shows a vertical cylindrical water-cooled mold located below a furnace, and a spout extending from the bottom of the furnace and entering the upper end of the mold for supplying it with molten metal. Solid metal is removed from the bottom of the mold. The spout is described as "telescopically extending with a smooth slide fit into the upper end" of the mold.

It is evident that the references disclose everything recited by the appealed claims except the specific spacing of the spout from the mold. Claim 3 states that the mold is spaced from the spout "around the entire peripheral wall so that the spout does not touch the wall of the mold passage, the space being sufficiently narrow to prevent the rise of molten metal into said space." Claim 2 adds to this the limitation that the space "does not exceed one eighth inch." Since it is obvious that the spacing does not exceed an eighth of an inch in either of the references, claim 2, if it distinguishes over the references, must do so by reason of the limitations contained in claim 3, on which it depends, and the claims will therefore stand or fall together.

It is the appellant's position that the fit between the spout and the mold in each of the references is a tight one involving metal to metal sliding contact, as distinguished from the claimed arrangement in which the spout does not touch the

mold at any point, and that appellant's structure permits lubrication of the mold and escape of gases therefrom, which are not possible in the devices of the references.

The Board of Appeals was of the opinion that if there is any difference between the fit or clearance recited in the appealed claims and those disclosed by the references it is a matter of degree only, involving no invention.

The spacing between the spout and the mold is described in appellant's application in the following language:

"The spacing should be merely sufficient to provide clearance around the entire outside peripheral wall 6 of the spout so that the spout does not touch the mold wall, whereby the mold may reciprocate freely in a vertical direction. The spacing should not substantially exceed mere clearance, otherwise molten metal may rise into the space between the mold and the spout."

The application further states that the mold may be lubricated by inserting lubricant into the space between the spout and the mold.

The application thus imposes three conditions on the spacing between the mold and spout, namely that it must be large enough to permit relative reciprocation, large enough to allow the introduction of a lubricant and small enough to prevent the escape of molten metal.

The foregoing conditions are met by the spacing disclosed in the Pehrson patent, since it is there stated that the mold is reciprocated with respect to the spout, that lubricant is introduced through the space between them and that the joint between them is "metal-tight." It is noted that Pehrson says that the lubricant "should be uniformly spread over the inside of the mold," which clearly indicates that it is spread throughout the space between the spout and the mold, and

suggests that the two are completely out of contact.

Appellant contends that Pehrson could not properly lubricate his mold by placing lubricant on the hot spout in the manner described. That is a matter which would depend upon a number of factors including the temperature of the molten metal and the nature of the lubricant used. Pehrson states that he obtains lubrication of the mold, and there is no factual evidence of record to the contrary. Under such circumstances we would not be justified in holding that Pehrson's apparatus will not operate as he says it will.

Appellant also relies on the allegation that his structure permits the escape of gas from the mold, as constituting a distinction over the references. It is noted that appellant's specification does not mention the escape of gas; and an advantage not so mentioned cannot ordinarily form the basis for allowance of a claim. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449; In re Dalzell, 166 F.2d 843, 35 C.C.P.A., Patents, 1024; In re Pollack, 175 F.2d 587, 36 C.C.P.A., Patents, 1156. Moreover, since Pehrson's spacing is such as to permit the entrance of lubricant it would appear that it would inherently permit the escape of gas to substantially the same extent as in appellant's device.

We have carefully considered appellant's arguments, but we are of the opinion that the appealed claims do not define a structure patentably distinct from what is disclosed by the Pehrson patent. It is therefore unnecessary to consider the patent to Hopkins.

The decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate in place of COLE, J.

O'CONNELL, J., did not participate in the hearing or decision of this case.