45 C.C.P.A.(Patents)

**Application of Kurt Hugo Folke LUNDBERG.**

**Patent Appeal No. 6330.**

United States Court of Customs and Patent Appeals.
March 14, 1958.

Wenderoth, Lind & Ponack, Washington, D. C. (Vincent M. Creedon, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Comm'r of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY and RICH, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the

United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 5, inclusive, which are the only claims of appellant's application for a patent on a flow control valve.

Claims 1 and 5 are representative and read:

"1. A flow-control valve comprising a valve body having a flow passage through it and a cylindrical chamber formed transversely across it, and a rectangular plate valve member disposed diametrically in and rockable about the axis of said chamber, the flow-obstructing portions of the cylindrical wall of said cylindrical chamber being formed with ports or windows situated in the line of flow and shaped to produce a predetermined flow control effect as the plate valve member is angularly adjusted, the said ports or windows in the cylindrical wall of the cylindrical chamber being each substantially diamond in shape with one diagonal of the diamond parallel with the axis of the cylindrical chamber.

"5. A flow-control valve comprising a valve body having a flow passage through it and a cylindrical chamber formed transversely across it, and a rectangular plate valve member disposed diametrically in and rockable about the axis of said chamber, the flow-obstructing portions of the cylindrical wall of said cylindrical chamber being formed with ports or windows situated in the line of flow and shaped to produce a predetermined flow control effect as the plate valve member is angularly adjusted, in combination with an end wall liner to one of the end walls of the cylindrical chamber, and means for resiliently pressing one face of said liner against the adjacent flank edge of the plate valve member."

The references relied on are:

| Lynch | 799,394 | September 12, 1905. |
|---|---|---|
| Rieth et al. | 824,585 | June 26, 1906. |
| Dalzell | 1,588,315 | June 8, 1926. |
| Le Bozec (French) | 796,613 | January 12, 1936. |
| Bailey | 2,174,547 | October 3, 1939. |
| Long | 2,554,040 | May 22, 1951. |

Appellant's device is particularly designed for the control of gaseous fluids. His application discloses a flow control valve of the butterfly type having a cylindrical chamber positioned transversely of the direction of flow. The cylindrical wall of the chamber is provided with oppositely disposed inlet and outlet ports which are of diamond shape with one diagonal of the diamond extending parallel to the axis of the chamber. A rectangular valve plate, closely fitting against the cylindrical wall, is journaled for rotation about the axis of the chamber.

Because of the diamond shape of the valve ports, the valve, when it first moves out of a closed position, uncovers the narrow portion of each port adjacent to a corner of the diamond, so that a greater amount of rotation is necessary to produce any given initial area of opening than is required to add the same area of opening to the flow passage when the valve is near its wide-open position. Consequently, it is possible to obtain a more accurate regulation of the small initial opening than is obtainable when rectangular ports are used.

The valve plate is mounted on trunnions located at opposite ends of the chamber and slotted to receive opposite corners of the plate. To insure a proper fit between the valve and chamber, a circular disk is fitted into the chamber at one end of the valve plate, and is provid-

ed with an opening through which the trunnion passes. A washer having radially disposed bent spring fingers is located between the disk and the adjacent end of the chamber, to that the disk is resiliently urged against the valve plate. The latter-mentioned trunnion extends through the end wall of the chamber and carries a graduated quadrant which cooperates with a fixed stop on the wall for limiting the movement of the valve and indicating its position.

The reference principally relied on below is the French patent to Le Bozec. That patent discloses a butterfly valve similar to appellant's, and similarly mounted in a cylindrical chamber, but instead of appellant's diamond-shaped ports, the reference discloses ports of circular shape, so that the initial opening cannot be as closely regulated as in appellant's valve. Le Bozec's valve is integral with a stem which is rotatably mounted in bearings at opposite ends of the cylindrical chamber.

The Bailey patent shows a butterfly valve having ports of substantially triangular shape. The patent specification states that "A valve having ports such as described above, provided accurate control of flow for all positions of the butterfly or disc * * * and particularly at low rates of flow, i. e., at the flows occurring when the disc is operating near its closed position." Since there is only one triangular port at each side of the valve it must always be turned in the same direction to open, and in the opposite direction to close.

The Long patent discloses a rotary plug valve having an opening in the plug in the form of an elongated rectangle terminating at each end in a triangular portion. The specification points out that with such an arrangement it is possible "to effect a pin-point opening at the ends of the slot." Since the ends of the slot are duplicates the valve can be opened or closed by movement in either direction.

The Rieth et al. and Dalzell patents, which also show valve openings of triangular configuration, are merely cumu-lative with Bailey and Long and do not require detailed consideration.

The Lynch patent shows a plug valve provided with a disk-like portion at one end and mounted in a cylindrical chamber. Located between the disk-like part of the valve and the adjacent end of the chamber is a washer having a series of concentric corrugations "so as to give a plurality of circular lines of close bearing against the top of the valve to prevent leakage."

Claims 1 to 3 were rejected on Le Bozec in view of Bailey or Long. Le Bozec clearly shows everything called for by claim 1 except that his valve ports are circular rather than diamond-shaped. It was the opinion of the Patent Office tribunals that since the advantages of triangular ports are recognized by Bailey and Long, there would be no invention in substituting ports of that shape for the circular ports of Le Bozec.

It is clear that both Bailey and Long disclose the desirability of triangular ports for effecting accurate control near the closed position of a valve and, accordingly, there would be no invention in the broad idea of employing such ports where that type of control is important. This is not seriously disputed by appellant who states in his brief that "if all that was accomplished by the change in the shape of the apertures in the wall of the cylinder in the Le Bozec valve was the achieving of fine control of flow through the valve, the basis of the rejection might be sound." Appellant contends, however, that the most suggested by Bailey and Long is the provision of a triangular port on each side of Le Bozec's valve chamber, and not the combination of two such ports to form a diamond, as called for in appealed claims 1 to 4.

It is true that none of the references shows a diamond-shaped valve port. However, in adapting the triangular form to the Le Bozec valve it is evident that each triangle would replace one half of a circular port, and it would appear to be obvious to one skilled in this particular art to modify the other half of each port in a similar manner, and that would

necessarily result in a diamond shape. This is especially true in view of the Long patent which shows a triangular portion at each end of a valve port.

■ Appellant argues that his diamond-shaped ports produce a new and unexpected result in that the valve can be opened by movement in either direction, thus facilitating its use in locations where an obstruction might be encountered when it is moved in one direction. However, that advantage is not disclosed in appellant's application and he is, therefore, not in a favorable position to urge it as a basis for the allowance of claims. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449; In re Dalzell, 166 F.2d 834, 35 C.C.P.A., Patents, 1024; and In re Pollack, 175 F.2d 587, 36 C.C.P.A., Patents, 1156. Moreover, appellant's valve has a scale which is readable only in one direction, and a stop which permits it to move in only one direction for opening. Accordingly, as noted in the brief for the Commissioner of Patents, the reversible operation now proposed by appellant would require modifications which are not disclosed in the application.

We are in agreement with the board that there would be no invention, in view of Bailey and Long, in substituting diamond-shaped valve ports for the circular ports of Le Bozec and, since such a substitution would fully satisfy the requirements of claim 1, it follows that that claim was properly rejected.

Claim 2, which is dependent on claim 1, includes the further limitation that the valve is mounted in diametrical slots in the trunnions, while claim 3, which also depends upon claim 1, states that one end wall of the valve chamber is detachable. The latter feature is shown by Le Bozec, and we agree with the board that the mounting of the valve in slots as recited in claim 2 would not be inventive.

Claim 4 is similar to claim 3 with the addition of a quadrant for indicating the position of the valve, and was rejected on the same references as claim 3, in view of the showing of such a quadrant in the Long patent. We are of the opinion that the addition of a quadrant to the valve of Le Bozec would be an obvious expedient.

We have given full consideration to appellant's arguments but are not persuaded that the board erred in holding that claims 2, 3, and 4, as well as claim 1, fail to define invention over Le Bozec in view of Bailey or Long.

While we agree with the correctness of the board with respect to the claims previously discussed, there is a substantial doubt in our minds as to the correctness of the rejection of claim 5.

Claim 5 is broader than claims 1 to 4, in that it does not specify diamond-shaped ports. It does, however, recite a liner at one end wall of the chamber and resilient means for pressing it against the adjacent edge of the valve plate. That claim was rejected on Lynch on the ground that it would not require invention to replace the plug valve of that patent by a plate valve such as is shown by Le Bozec. While Lynch shows a corrugated plate between the top of his valve and the end of the chamber, he does not state that it is resilient, and there appears to be no reason why it should be since the valve plug extends axially beyond the ports at each end so that it is not necessary that it should fit tightly at the ends of the chamber in order to effect a seal. In our opinion, the claimed combination of plate valve, end plate, and resilient means, together with the other elements recited in claim 5, is not fairly suggested by the references, and that claim should have been allowed.

The decision of the Board of Appeals is modified, being affirmed as to claims 1 to 4, inclusive, and reversed as to claim 5.

Modified.