KALISKA v. COE, Commissioner of Patents.

No. 8835.

United States Court of Appeals
District of Columbia.

Argued Jan. 29, 1945.

Decided Feb. 19, 1945.

Mr. Robert C. Watson, of Washington, D. C., for appellant.

Mr. R. F. Whitehead, United States Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The court below dismissed a suit to obtain a patent which was brought under Section 4915, R. S.,[1] from which judgment this appeal is taken.

The device sought to be patented here is a cardboard contraption attractively colored and designed to induce an ambitious housewife to buy and carry away six bottles at a time. The design has been extensively used. It can be adapted to carry bottles of any shape or size. Paper strips at the ends keep the bottles from falling out. The tops of the bottles protrude through an aperture, a handle is provided for carrying them. The device may be folded flat and easily packed. When loaded and in use it looks like this:

Both the Patent Office and the court below denied patentability on the ground that the device did not constitute an invention over the prior art as disclosed in previous patents for bottle carriers. The previously patented carriers were based upon the same general idea but were of crude design, less attractive, less secure and not as convenient for folding flat for the purpose of packing and shipping. A typical one of these designs looked like this:

[1] 35 U.S.C.A. § 63.

If we were to apply to the device before us the same low standard of invention on the basis of which the previous patents were issued it would be difficult to refuse appellant a patent on his improvements. However, we need not discuss the character of these improvements because we do not believe that there is any invention disclosed in either appellant's application or in the previous designs used by the Patent Office as references. The idea behind them all is as old as a shawl-strap or a valise. If patents were granted on package designs of such a low standard of invention it would tend to tie up retail distribution in an endless network of restrictions.

Affirmed.