**LEBOLD et al. v. MARZALL, Commissioner of Patents.**

**Civ. A. No. 3483–50.**

United States District Court
District of Columbia.

Oct. 22, 1951.

Franklin M. Warden, of Chicago, Ill., and A. Yates Dowell, of Washington, D. C., for the plaintiffs.

Joseph Schimmel, of Washington, D. C., for the defendant.

HOLTZOFF, District Judge.

The plaintiff claims a reissue patent on cartons, or carriers, for bottles containing beverages; the cartons having a handle, the top of which is below the tops of the bottles in the carton.

Cartons, or cardboard carriers, for bottles containing beverages are old, as was indicated in Kaliska v. Coe, 79 U.S.App. D.C. 378, 147 F.2d 577. There is very little room for invention in this field. The prior art discloses such cartons with cardboard partitions, and with a handle, the top of which reaches above the tops of the bottles. This is disclosed in the patent to Himes, No. 2,273,266, cited by the Patent Office.

The plaintiff made an improvement in that he designed a handle for the carton, the top of which would fit below the tops of the bottles in the carton. The testimony demonstrates the superiority of this de-sign over the high-handle carton, and also shows that the new device has come into common use. The Patent Office, however, declined to issue a patent to cover the forward step taken by the applicant, because a handle, the top of which reaches below the tops of the bottles, is disclosed in the patent to Lyons, No. 2,296,937.

Admittedly however, the Lyons structure contains a movable handle, the top of which is below the tops of the bottles when the carton is at rest, but is raised above the tops of the bottles when the carton is being carried by hand. The step actually taken by the plaintiff is to transform the handle of the Lyons structure that moves up and down, into a handle that is permanently in the low position. The Patent Office held that there was no invention.

The Court must have in mind the recent decisions of the Supreme Court which have tended to raise the standard of patentability. There must be a flash of genius, or at least an exercise of the inventive faculty, as distinguished from the exercise of the mechanical skill of the routineer in order to justify the issuance of a patent.

In Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162, the Court pointed out that combination patent claims must be scrutinized with care proportioned to the difficulty and improbability of finding invention in an assembly of old elements.

As far back as 1882, the Supreme Court, in Atlantic Works v. Brady, 107 U.S. 192, 199, 2 S.Ct. 225, 231, 27 L.Ed. 438, made the following eloquent statement: "The process of development in manufactures creates a constant demand for new appliances, which the skill of ordinary head-workmen and engineers is generally adequate to devise, and which, indeed, are the natural and proper outgrowth of such development. Each step forward prepares the way for the next, and each is usually taken by spontaneous trials and attempts in a hundred different places. To grant a single party a monopoly of every slight advance made, except where the exercise of invention somewhat above ordinary mechanical or

engineering skill is distinctly shown, is unjust in principle and injurious in its consequences." And again, the Court says: "It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures."

Finally, it must be borne in mind that there is a presumption of correctness attaching to a finding of the Patent Office that invention is lacking. That is a finding of fact. Unless it is overcome by convincing evidence, the Court must sustain that finding.

In view of these considerations the Court will sustain the ruling of the Patent Office and render judgment for defendant.