**LEBOLD et al. v. MARZALL.**

No. 11302.

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1952.

Decided May 29, 1952.

———◆———

A. Yates Dowell, Washington, D. C., for appellants.

Joseph Schimmel, U.S. Patent Office, Washington, D. C., with whom E. L. Reynolds, Sol., U.S. Patent Office, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR and FAHY, Circuit Judges.

PER CURIAM.

■ This appeal is from a judgment of the District Court dismissing, after trial, a complaint filed under Rev.Stat. § 4916 (1875), as amended 45 Stat. 732 (1928), 35 U.S.C.A. § 64, for reissue of a patent on a beverage bottle carrier, the handle of which fits below the tops of the bottles in the carrier. In view of a new reference[1] overlooked when appellant's patent was granted, the court held that the device lacked invention over the prior art. D.C.1951, 100 F.Supp. 867. This ruling accorded with decisions of the Examiner and the Board of Appeals of the Patent Office. The foregoing determinations must stand unless they are not reasonable on the evidence or are clearly erroneous. Standard Oil Development Co. v. Marzall, 1950, 86 U.S. App.D.C. 210, 181 F.2d 280; Radtke Patents Corporation v. Coe, 1941, 74 App.D.C. 251, 122 F.2d 937; Abbott v. Coe, 1940, 71 App.D.C. 195, 109 F.2d 449.

■ Appellant relies upon the utility and the commercial success of the article. But these factors alone are not controlling. There must be the added elements of novelty and creative genius. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Atlantic Works v. Brady, 1883, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438; Gilbert v. Marzall, 1950, 87 U.S.App.D.C. 1, 182 F.2d 389.

The judgment is

Affirmed.

1. The Lyons Patent No. 2,296,937, September 29, 1942. See also Himes Patent No. 2,273,266, February 17, 1942.