40 C.C.P.A.(Patents)

### Application of GAETKE.
### Patent Appeal No. 5948.

United States Court of Customs and Patent Appeals.

Feb. 6, 1953.

Eugene E. Stevens, Washington, D. C. (Eugene E. Stevens, III, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner, who rejected all of the claims, 1–3, in appellant's application for a patent on an improved form clamp used in the erection of forms for concrete walls and known in the trade as the Burke Acme Form Clamp.

Appellant asserts his device represents an important contribution to the building industry because it provides a novel clamp capable of saving time not only in the erection of form walls but also in the subsequent removal of the clamps from the con-

crete wall therebetween. Wide commercial success is alleged as symbolic of invention.

Claim 1 is illustrative and reads as follows:

"1. In a form clamp for securing opposed form walls in spaced relation, a pair of tension rods adapted to removably project through the opposed spaced form walls, the said tension rods having internally threaded openings at their inner ends for connection with a threaded connecting rod, the said tension rods each having a short threaded portion located adjacent and inside its associated form wall and also having a portion which is circular in cross-section located between its short threaded section and its inner end, a spacing nut removably secured on the short threaded portion of each tension rod and arranged in abutting relationship with respect to its associated form wall, and tensioning means on the outer end portions of the tension rods and arranged in engagement with the forms."

The references relied upon are: McCarty 915,995 Mar. 23, 1909; Wustholz 1,629,899 May 24, 1927; Williams 1,851,339 Mar. 29, 1932; Whitescarver 2,172,461 Sept. 12, 1939.

The comparatively simple construction of appellant's clamp was sufficiently described by the board in these terms:

"The subject matter defined in the claims relates to a form clamp used in the erection of wooden forms for concrete walls. The clamp comprises a pair of tension rods each having an internal threaded opening at one of its ends, a short externally threaded portion, the threads on which are preferably of substantially the same pitch as said internal threads, adjacent said end adapted to be located next to and inside its associated formed wall, a smooth portion of substantially circular cross-sectional shape between the short threaded portion and said end, a spacing nut removably secured on the short threaded portion, adapted to be arrang-

ed in abutting relationship with respect to its associated form wall, tensioning means on each of the other ends of said rods arranged to engage the form walls, and a connecting rod having threaded end portions connected to the internally threaded ends of the tension rods."

The Primary Examiner noted that each of the cited references discloses a tie rod or form clamp used in erecting concrete forms to space the walls apart for the pouring of concrete therebetween to mold a wall. Upon the setting of the concrete, the imbedded center portion is dismantled, leaving the permanent wall or structure.

The basic reference relied upon by the tribunals of the Patent Office in the rejection of claim 1 was the patent to Williams issued in 1932. The disclosure thereof relates more particularly to the method of securing concrete forms and removing them by the use of an improved device for clamping the opposed spacer members or forms in which the concrete is placed and permitted to set.

There is no dispute that Williams discloses a form clamp of the type defined by the rejected claims; namely, a pair of tension rods or bolt members of suitable length adapted or arranged to removably project through the opposed spaced form walls or boards, said tension rods or bolts being preferably externally threaded on their outer ends to receive a waller clamp, and both externally and internally threaded on their inner ends to receive a nut and connecting rod respectively.

The tension rods or bolts described by Williams are each provided with jamb nuts. Each rod is also provided with a cone-shaped spacer member at either end so arranged that it may be withdrawn from the bolt when the forms are removed, said spacer member being formed with a round opening therethrough at one end and an elongated opening at the opposite end, which functions in facilitating removal of the spacer members.

The board in its decision noted that, in effect, claim 1 represents but two distinc-

tions over Williams; namely, the omission of external threads from the inner ends of the tension rods, and the engagement of the nuts directly with the inner walls of the forms instead of through the spacing members. The board took the position that those distinctions constituted no patentable subject matter:

"Claim 1 stands rejected as being met by Williams, the Examiner taking the position that to dispense with a portion of the threads between the nut and the inner end portion of the tension rods, and to place the nut adjacent the form wall, would be merely a matter of design. We are in accord with the position taken by the Examiner. We find nothing in the record which seems to indicate that the smooth portions at the inner end of the tension rods are critical. We do not believe that any appreciable difficulty would be encountered by one using the Williams clamp in removing the tension rods from the cast structure due to the fact that the threads on the short threaded portion extend all the way out to the end of the tension rods. It is our opinion that there is no patentable distinction between the smooth end portions on appellant's tension rods and the threaded end portions on the Williams tension rods. Likewise, we do not believe that the elimination, or omission, of the spacer members 8 in Williams form clamp would materially affect the function of the clamp other than, as the Examiner has indicated, narrow the width of the mold space between the form walls. When so modified, obviously the Williams form clamp would assume substantially the form of appellant's clamp. It is not invention to omit one or more of the parts of a machine or manufacture unless that omission causes a new mode of operation of the parts retained. We do not find that the omission of a spacer between the nut 8 and the associated form wall in appellant's structure causes a new mode of operation. The rejection of claim 1 will be sustained."

The limitation contained in claims 2 and 3 that the internal and external threads of the tension rods have substantially the same pitch is relied upon by appellant as endowing those claims with patentability. The Solicitor for the Patent Office remarks that while Williams does not expressly state that those threads in his device have the same pitch, that feature appears to be disclosed by his drawings and that of necessity the pitch of the internal and external threads would have to be the same. Furthermore, McCarty in his patent expressly states that the internal and external threads of a member, which is to be removed from the concrete and a bolt by turning, are threads of substantially the same pitch. Under that teaching, the holding of the Patent Office that there would be no invention in giving the same pitch to the external and internal threads on the tension rods of Williams would appear to be correct.

Rejection of appellant's claims as met by the disclosures of Whitescarver or Wustholz or Whitescarver and Wustholz in view of Williams with the addition of McCarty, respectively, need not be discussed here inasmuch as the further rejection on that basis by the examiner was regarded by the board as merely cumulative in nature, a view in which we concur.

The Solicitor for the Patent Office contends here that the advantages alleged in appellant's brief, and upon which he relies as evidence of patentability, can scarcely support a claim for patentable invention. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449. We may concede on the basis of the commercial success established by the evidence that the function performed by appellant's device was new and useful The case is wanting, however, in any unusual or surprising results from the assembly of elements here concerned, and there is insufficient evidence to indicate that appellant's accomplishment as defined by the rejected claims involved anything more than an improvement made by a person skilled in the art. That does not involve invention. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71

S.Ct. 127, 95 L.Ed. 162. Furthermore, as the Supreme Court in that case held, commercial success without invention will not "make" patentability.

For the reasons stated, the decisions of the Board of Appeals is affirmed.

Affirmed.