## In re ALDEN.
### Patent Appeal No. 3133.

Court of Customs and Patent Appeals.
May 22, 1933.

James A. Carr and Joseph J. Gravely, both of St. Louis, Mo., and Samuel Herrick, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of invention over the prior art, claims 1, 2, 3, 4, 6, 7, 10, 11, and 12 of appellant's application, claims 5, 8, and 9 having been allowed.

Claim 1 is illustrative of the claims on appeal and reads as follows: "An automotive axle construction comprising a load supporting housing, shaft sections therein, differential mechanism therein connected to the inner ends of said shaft sections, a propeller shaft substantially in the plane that separates said sections and operatively connected to said differential mechanism to drive the same, and an endwise adjustable carrier for said shaft, said housing comprising two members detachably connected together endwise in a plane transverse to the longitudinal axis

of said housing and far enough from the axis of the propeller shaft to clear the body portion of said carrier, whereby said carrier may be mounted wholly on one of said members; said members having hub portions adapted to constitute seats for taper roller bearings, taper roller bearings seated in said hub portions, and differential mechanism having hubs mounted in said taper roller bearings."

The references relied upon are: Demmler, 997,606, July 11, 1911; Nelson, 1,050,986, January 21, 1913; Gulick, 1,059,458, April 22, 1913; Lindsay, 1,092,494, April 7, 1914; Baker, 1,226,742, May 22, 1917; Martinson, 1,367,616, February 8, 1921; Alden, 1,434,578, November 7, 1922; Sturt, 1,532,557, April 7, 1925; Domizi, 1,536,824, May 5, 1925.

The subject-matter of appellant's application is concisely described in the statement of the Examiner as follows: "The structure of this application is a differential as employed in the rear axle of an automobile to compensate for curves in the road, etc. The driving shaft from the transmission is supported in two bearings, one carried by an extension from the side of the differential housing and the second carried by an adjustable cap which is inserted between the differential housing and the torque tube enclosing the drive shaft. The usual bevel gear construction is used in the differential with the opposite sides of the differential casing supported by two tapered roller bearings carried by the differential housing. The differential housing is split at one side there*fore* and the two halves are fastened together by bolts. The side of the housing adjacent the large bevel gear is provided with a thrust bearing to take care of the side thrust of the bevel gear drive construction. The split in the housing, above referred to, is situated at one side of the adjustable cap. (Italics ours.)"

In his statement the Examiner applied the said references to the various claims, following which he said: "A general criticism of all of the finally rejected claims is that applicant has assembled three or four old features each of which functions individually the same as before and produces no new and unexpected result in the combination."

The Board of Appeals, in affirming the decision of the Examiner, specifically discussed only claims 1 and 2 here involved, and made no reference to the remaining claims except that in a general statement it approved the reasons given by the Examiner for their rejection.

While appellant admits that, broadly speaking, all of the elements of the respective claims are old, he contends that he has adapted them to co-operate in his combination in such a way that an old result is obtained in a more facile, economical, and efficient way, and that therefore the claims are patentable.

There is but one question before us for decision and that is whether, in view of the references cited, the Board of Appeals erred in rejecting the claims for lack of invention; or, in other words, does appellant's structure involve the exercise of the inventive faculty?

The art involved is highly technical and we are asked by appellant to decide that one skilled in the art, with all of the references before him, could not produce appellant's structure without the exercise of invention.

Whether appellant's combination involves invention is largely a matter of opinion. Two tribunals of the Patent Office have concurred in holding that the claims here involved lack invention, and we think that in a technical art of this character it is especially proper to invoke the rule that, where there are concurring decisions of the Patent Office upon a question of this character, the decision of the Board of Appeals should be affirmed unless manifestly wrong. In re Demarest, 38 F.(2d) 895, 17 C. C. P. A. 904.

The Examiner, in a well-considered statement, applied the applicable references to each of the claims here involved, and concluded that in view of such references none of the claims are patentable. He very clearly set forth the reasons for his conclusion. The Board of Appeals, without extended discussion, affirmed the decision of the Examiner.

While we realize that appellant's combination is novel, in the sense that it is not shown in any single reference, and may have all the advantages which appellant claims for it, we are not satisfied that the Board of Appeals erred in holding that the claims are unpatentable in view of the prior art. On the contrary, we are impressed that its decision is correct.

The decision of the Board of Appeals is affirmed.

Affirmed.