## GERHARDT et al. v. GOSERUD.
### No. 2870.

District Court, D. Minnesota, Third Division.

May 19, 1938.

William R. Kueffner, of St. Paul, Minn., for plaintiffs.

F. C. Caswell (of Caswell & Lagaard), of Minneapolis, Minn., for defendant.

SULLIVAN, District Judge.

This is a suit in equity brought under Revised Statutes, Section 4915 (35 U.S.C.A. Section 63) wherein plaintiffs seek to establish their right to Letters Patent to a window and screen sash fastener or bracket, which was denied to them by the Commissioner of Patents, and which denial was affirmed by the Board of Appeals.

Gerhardt's application for a patent was filed in the United States Patent Office on December 26, 1930, and the application of Goserud was filed on December 6, 1930. An interference was declared, with Goserud as the senior party and Gerhardt as the junior party.

In his preliminary statement Gerhardt alleged conception of the invention on or about April 14, 1930, and a reduction to practice on or about April 21, 1930, while Goserud, in his preliminary statement, claims that he first made drawings of the invention on September 27, 1929, and a reduction to practice on November 1, 1929.

At the hearing on the interference in the Patent Office, testimony was taken on behalf of each of the parties. On December 28, 1934, the Examiner of Interferences awarded priority of the invention to Goserud and found that Goserud had made the article, the subject in issue herein, known as Goserud's Exhibit 6 in this proceeding, during the month of March, 1930, prior to the earliest date mentioned in the preliminary statement of Gerhardt. An appeal was taken upon the decision to the Board of Appeals in the Patent Office, and the decision of the Examiner of Interferences was affirmed by the Board of Appeals on June 17, 1935, and a petition for reconsideration by the Board of Appeals was denied by it on July 16, 1935. Thereafter this proceeding was instituted, and a trial was had. The evidence adduced at the hearing before the Examiner of Interferences at the Patent Office was stipulated and agreed to as the evidence in this case, and no other or new evidence was offered or received at the trial.

Accordingly, the evidence before this Court is the same as the testimony presented before the Examiner of Interferences in the Patent Office. The facts are set forth in sufficient detail in the decisions of the Examiner of Interferences and the Board of Appeals, and it is unnecessary to restate them here.

■ The issue in the case is as to who is the inventor of the window and screen sash fastener or bracket. It is a question of fact. Gerhardt, the junior party defeated in said Patent Office proceeding, had the burden of proof of priority of invention, and he was required to sustain that proof by a fair preponderance of the evidence. This he failed to do, to the satisfaction of the Examiner of In-

terferences and the Board of Appeals. The Examiner of Interferences awarded the priority of the invention to Goserud, and upon reconsideration affirmed his original decision, and the Board of Appeals of the Patent Office affirmed the decision of the Examiner of Interferences and denied a petition for reconsideration of its decision.

■ A suit under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, is an original, independent action in which all questions in issue are tried de novo upon all the competent evidence, new and old, received in the proceeding. Gandy v. Marble, 122 U.S. 432, 7 S.Ct. 1290, 30 L. Ed. 1223. However, a suit under said section of the statute is more than a mere appeal—it is an application to the court to set aside the action of one of the executive departments of the government, the one charged with the administration of the patent system. It is a new proceeding instituted in the courts to set aside the conclusions reached by an administrative department of the government, and to give to plaintiffs the rights awarded to the defendant by the Patent Officers. It is a controversy between individuals over a question of fact which has been settled by a special tribunal entrusted with full power in the premises. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657.

■ All of the officials in the Patent Office, including the Board of Appeals, have concurred in findings of fact that Goserud was the first inventor of the improvement disclosed in the plaintiffs' application. These findings of fact create a presumption in favor of Goserud's priority, and the decision made by the officials in the Patent Office must be accepted as controlling upon the question of priority in any subsequent suit between the same parties, unless the contrary is established by testimony, which in character and amount makes it convincingly clear that a mistake was made in awarding priority of invention to the defendant herein. Morgan v. Daniels, supra.

■ A careful consideration of the testimony taken before this Court does not show that the officials of the Patent Office erred in finding that the defendant was the first inventor, but instead, shows proof sufficient to support the decision made.

■ It is the contention of plaintiffs that the amendment of March 2, 1927, to the Act (35 U.S.C.A. § 63) changes the rule laid down in Morgan v. Daniels, supra.

The amendment embraces two distinct purposes: First, with reference to procedure; and, second, the record in the Patent Office interference proceeding in whole or in part is made available for use in the equity suit, and the Act states, with reference thereto:

"The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit."

It is argued that the testimony received in the Patent Office and transmitted to the Court in connection with a proceeding of this type shall be given such weight as the Court sees fit to accord it, and that no special sanctity attaches to the testimony offered on behalf of one party because an administrative board adopted it in making its findings, but this is not the rule, for after the adoption of the amendment, the Court in Powell v. McNamara, 2 Cir., 74 F.2d 750, decided January 7, 1935, adhered to the principle laid down in Morgan v. Daniels, supra.

It is the Court's opinion that priority of invention of the subject matter in issue was properly awarded to the defendant, and judgment should accordingly be entered in his favor.