**ABBOTT et al. v. COE, Com'r of Patents.**
No. 7280.

United States Court of Appeals for the District of Columbia.

Decided Nov. 20, 1939.

Rehearing Denied Jan. 15, 1940.

Arlon V. Cushman, of Washington, D. C., and William Gates, Jr., of Boston, Mass., for appellants.

William Wallace Cochran, U. S. Patent Office, of Washington, D. C., for appellee.

Before EDGERTON, VINSON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

The Patent Office rejected, on the ground of lack of invention, certain claims in appellants' application for a patent on improvements in a machine for winding yarn. The District Court likewise found no invention, and dismissed appellants' bill brought under R.S. § 4915 (35 U.S.C.A. § 63) to obtain the patent.

The disputed claims fall into three groups.

■ (1) Some claims relate to the case-hardening of a cam or cylinder. The application states that the case-hardened cam "offers great resistance to wear and is of improved durability." The Patent Office examiner pointed out, and it is not disputed, that case-hardening has long been used where a wear-resistant surface is needed. The applicant, in his testimony regarding the unsatisfactory cast-iron cam of the prior art, referred to "deterioration" of the points of the cam and said: "I should not say it is worn. It is a matter of breaking it; of crumbling it. It is caused by the rapid motion of the dog which strikes against the points." Appellants' counsel urges that the record contains no evidence that case-hardening was known to prevent breaking, and cites Muller's patent No. 1,511,764, which states that case-hardening produces brittleness. Since appellants' application speaks only of reducing "wear," it evidently uses the word "wear" in a sense broad enough to cover the gradual breaking or "crumbling" of the surface which the applicant sought to prevent; and it seems clear that when the examiner stated, as of common knowledge, that "case hardening has long been used in all mechanical fields where a wear resisting surface is needed," he used "wear" in the same sense in which it is used in the application. The applicant himself, when he testified that he adopted a harder metal than cast-iron in order to reduce "breaking" or "crumbling," immediately added: "Case hardening was a well-known process at that time; it is an ancient thing." This apparently admits that it was ancient for the purpose of preventing superficial breaking or crumbling.

The applicant discovered that the breaking of a "slider" against the cast-iron cam of the prior art was caused by the crumbling of the points on the cam and not, as had been supposed, by shock sustained when the movement of the slider was reversed. Case-hardening the cam remedied this difficulty. Appellants urge that this entitles them, as matter of law, to a patent, and quote this language: "Discovery of a source of trouble not before known and the discovery and application of a remedy are well recognized as invention. Eibel Process Co. v. Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L. Ed. 523." Gasoline Products Co. v. Coe, 66 App.D.C. 333, 339, 87 F.2d 550, 556. This court, of course, did not rule in the case quoted that the discovery of any source of trouble, and the application of any remedy, however obvious, invariably amount to invention; it ruled only that such factors are persuasive. If it had considered them conclusive, its opinion would have been a brief memorandum, for they were clearly present; whereas the court went fully into the question of obviousness, and found that the resistance of a chromium alloy to sulphur corrosion, which the applicant in the Gasoline Products case utilized, was unknown to the prior art. The Eibel case was an infringement suit in which the Supreme Court, on consideration of all the evidence, agreed with the Patent Office that there was invention.

■ The applicant's use of case-hardening produced an unexpected result which was not mentioned in the application; it permitted the operation of the machine, even at a greatly increased speed, with little lubrication and no spattering of oil. This result was highly useful. But it was not claimed or disclosed, and it cannot retroactively turn the adoption of case-hardening, for other purposes, into invention. Despite contrary intimations in earlier cases like Diamond Rubber Co. v. Consolidated Rubber Tire Co., 1911, 220 U.S. 428, 31 S. Ct. 444, 55 L.Ed. 527, it is now settled that useful innovation without invention is not patentable, and that innovation is not invention unless it "required some uncommon talent." Textile Machine Works v. Louis Hirsch Textile Machines, Inc., 1938, 302 U. S. 490, 498–499, 58 S.Ct. 291, 82 L.Ed. 297. It is self-evident that an advantage of which the applicant knew nothing when he adopted case-hardening and made the patent claims now in suit, had no influence upon and no connection with his adoption of case-hardening and his making of these claims. It follows that the advantage of case-hardening in relation to lubrication has no tendency to prove that his adoption of case-hardening and his making of the claims required or showed talent. Moreover, even invention is not patentable unless it is disclosed so that people can use it; and it is not at all clear that what Abbott disclosed

would lead anyone, unless by accident, to the use of less oil and so to the avoidance of spattering. "Accidental results, not intended and not appreciated, do not constitute anticipation." Eibel Process Company v. Minnesota & Ontario Paper Company, 261 U.S. 45, 66, 43 S.Ct. 322, 329, 67 L.Ed. 523. Nor do they constitute invention.

(2) Some claims relate to making "resilient," "of cork," or "of rubber," certain tires which revolve upon the surface of the cam and at the same time are required to slide. A previous Abbott patent shows a similar tire of "soft metal." This substitution, also, seems to have been a marked improvement. The Board of Appeals of the Patent Office said: "The examiner holds and we think properly, the substitution of cork or rubber for soft metal as a suitable friction ring to cooperate with a driving friction roll is not so unobvious as to amount to invention. Appellant claims it is not obvious that such rubber or cork would slide along a cooperating friction roll. In our view this depends entirely upon the character of rubber and cork and with certain types of cork and rubber, it would be obvious."

(3) Some claims relate to the mounting of a "slider" on a single round rod, and the use of a cover plate to keep it from turning. On this point the Board of Appeals said: "The examiner points to the patent to Voight in which the slider guide is mounted between parts forming a casing for the cam roller. The slider is not mounted on a round rod but round rods for the support of sliders are old in the art. See patents to Foster and Rhoades. It is our view that to arrange the cover plate as a guide for the slider would be more or less obvious if thought desirable."

■ We cannot say that the Patent Office and the trial court were wrong in finding that each of these three groups of claims lacked invention.

■ Although a court, when it agrees with a Patent Office finding, often says so,[1] agreement is not necessary to affirmance and disagreement is not sufficient for reversal. The question for us is not whether in our opinion there was invention, but whether the finding that there was none is consistent with the evidence. "The judi-

cial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 694, 78 L.Ed. 1260. "A mere preponderance of evidence" is not enough to justify reversing the Patent Office and deciding that an applicant is entitled to a patent. Morgan v. Daniels, 153 U.S. 120, 124, 14 S.Ct. 772, 773, 38 L.Ed. 657. "While the judgment of Patent Office officials is not absolutely binding on the courts, it is entitled to great weight, and is to be overcome by clear proof of mistake." Robertson v. Cooper, 4 Cir., 46 F.2d 766, 768. Oldroyd v. Morgan, 58 App. D.C. 78, 24 F.2d 1004; Austin v. Coe, 63 App.D.C. 94, 69 F.2d 832. These principles have special force when the administrative tribunal of the Patent Office has decided a technical question within its field, for "it is just such questions that the administrative tribunal is pre-eminently qualified to solve." Gold v. Gold, 7 Cir., 237 F. 84, 86. The question of invention is within this category; "The Patent Office has the equipment for deciding intricate and technical questions of this character." Robertson v. Cooper, 4 Cir., 46 F.2d 766, 768. In re Alden, 65 F. 2d 136, 137. As Judge Learned Hand has said, "An invention is a new display of ingenuity beyond the compass of the routineer. * * * The question must be resolved by a subjective opinion as to what seems an easy step and what does not." Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794. In distinguishing easy steps from others, expertness in the special field is a great advantage.

The 1927 amendments (44 Stat. 1336) of R.S. § 4915, 35 U.S.C. § 63, 35 U.S.C.A. § 63, do not affect the presumption that the Patent Office is right. General Talking Pictures Corporation v. American Tri-Ergon Corporation, 3 Cir., 96 F.2d 800, 811; Dowling v. Jones, 2 Cir., 67 F.2d 537, 538; Syracuse Washing Machine Corporation v. Vieau, 2 Cir., 72 F.2d 410, 411; Powell v. McNamara, 2 Cir., 74 F.2d 750; Bayer v. Rice, 64 App.D.C. 107, 75 F.2d 238; Gerhardt v. Goserud, D.C., 24 F.Supp. 161.

■■ The presumption that the Patent Office is right is reenforced, in the present case, by the presumption that the trial court is right. "Under the rule settled in

---

[1] Similarly, courts often express agreement with the findings of various administrative bodies, of juries, and of judges, without implying that agreement is necessary to affirmance.

this jurisdiction, while we are not absolutely bound by a chancellor's findings of fact, we do not disturb them on appeal unless upon an examination of the evidence they are clearly wrong." Hazen v. Hawley, 66 App. D.C. 266, 271, 86 F.2d 217, 222, certiorari denied, 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452. The situation here is closely analogous to that in which the Supreme Court has said: "The two courts below are in agreement as to the inferences fairly to be gathered from the facts, and their findings are not to be disturbed unless clearly erroneous." United States v. Commercial Credit Co., Inc., 286 U.S. 63, 67, 52 S.Ct. 467, 468, 76 L.Ed. 978.

These principles are elaborated in a dissent in Carbide & Carbon Chemicals Corp. v. Coe, 69 App.D.C. 372, 102 F.2d 236, but the opinion of the court in that case does not question their validity. That opinion should be understood to mean, not that the usual presumptions of administrative and judicial correctness are inapplicable in suits to obtain a patent, but that the evidence in that particular case overcame these presumptions.

Affirmed.