## WINGFOOT CORPORATION v. COE, Com'r of Patents.

### No. 213.

District Court of the United States for the District of Columbia.

May 9, 1940.

Gordon C. Mack, of Akron, Ohio, and Dos T. Hatfield, of Washington, D. C., for plaintiff.

W. W. Cochran and E. L. Reynolds, both of Washington, D. C., for defendant.

PINE, Justice.

This action is brought against the Commissioner of Patents under Sec. 4915, R. S., 35 U.S.C.A. § 63. The complaint prays that the Court adjudge the plaintiff to be entitled to receive letters patent for an alleged invention of a new and useful "Moisture Proof and Heat Sealing Coating" and to authorize the defendant to issue such patent. Certain claims have been withdrawn.

The issue in this case is whether the remaining claims (Nos. 1, 2, 7, 19, 20, 27, 28 and 29) are unpatentable over the prior art, namely, Geer, No. 1,744,881; Gentile, No. 1,804,556; and an article by Bruson et al., entitled "New Chemical Reactions of Rubber Hydrocarbons" in Industrial and Engineering Chemistry for September, 1927.

Plaintiff's application concerns a coating composition for sheets of flexible material, and discloses that the composition is prepared by reacting rubber in solution with the halide of an amphoteric metal and treating the resultant product with water. Plaintiff also suggests the reaction of a sulphonic acid on the rubber for preparing the compound.

The Geer patent, supra, relates to a flexible protective coating for "articles of various materials", and discloses that this coating is formed by dispersing a rubber isomer in a liquid vehicle, which may be water. Geer states that the isomer may be made by any of the numerous methods which have been employed for their production and adds that the preparation of this constitutent forms no part of his invention. As an example, Geer states that the isomer may be made by admixing with 100 parts of rubber 7½ parts of phenol sulphonic acid and heating the admixed mass in an oven for six hours at 140° C. He also gives the halides of amphoteric metals as an isomerizing agent.

Apparently the only distinction between the two procedures is that plaintiff's claim states that the isomer is formed by adding the halide to rubber in solution, whereas Geer does not specify the method of preparing the isomer.

The Bruson article, supra, describes the addition of halide of amphoteric metal to rubber solution to form an isomer, and further states that the isomer is soluble in the usual solvents.

The Gentile patent, supra, discloses that it is common to apply waterproofing material to paper.

Plaintiff contends that the disclosure in the Geer patent was not sufficient to teach one skilled in the art how to produce a soluble rubber derivative by treating the rubber with phenol sulphonic acid. The expert for the plaintiff, Dr. Sebrell, who is also one of the two applicants, testified that to produce a soluble rubber derivative with phenol sulphonic acid it was necessary to mill the rubber before mixing the acid into it on the rolls and then it was necessary to cool the rolls with cold water so that the milling of the acid into the rubber was effected on a cold mill and further it was necessary to mill the rubber derivative after heating it in an oven in order to obtain a soluble product.

Geer, however, as above pointed out, says that the preparation of the rubber isomer is not part of his invention and does not detail the steps to be used, indicating that the steps were considered to

be well known. Also, it should be noted that the experiments of Dr. Sebrell, designed to show that the Geer patent does not disclose an operable process, were confined to the one example of using phenol sulphonic acid, whereas the Geer patent states that "other isomerzing agents found to be practical include the halides of amphoteric metals".

Moreover, the application in suit, in suggesting other methods for preparing the compound, includes the reaction of a sulphonic acid on the rubber, as does the Geer patent, supra. As above stated, Dr. Sebrell gave testimony to show that the Geer patent is insufficient to disclose an operative process in that phenol sulphonic acid cannot be successfully used as an isomerizing agent by merely mixing it with rubber, as indicated by Geer. On such a basis, his own application is equally deficient because it alleges as an operative procedure substantially the same thing alleged by him to be inoperative by Geer, namely, the "reaction of a sulphonic acid such as para toluene sulphonic acid on the rubber", without describing the milling process which Dr. Sebrell outlined as necessary.

It is my opinion that the Geer patent and Bruson article present a sufficient anticipation of the claims in the present suit, but without the Bruson article a person skilled in the art would recognize that a rubber solution in forming the isomers might be used. Heat sealing of such coated paper is conventional and a patent cannot be predicated on this idea. There is nothing new in the idea of water-proofing paper and the use of Geer's coating on paper, transparent or otherwise, would be obvious. In addition, the position taken by plaintiff in the application of Gehman, No. 723,801, owned by plaintiff, is consistent with this opinion. There would therefore appear to be a "rational basis for the conclusions" of the Patent Office. Abbott et al. v. Coe, United States Court of Appeals for the District of Columbia, decided November 20, 1939, 109 F.2d 449.

The Bill of complaint will therefore be dismissed. Counsel will prepare findings of fact and conclusions of law and judgment in accordance with this opinion.