**MONTGOMERY WARD & CO., Inc., v. COE,**
Commissioner of Patents.

No. 8282.

United States Court of Appeals.
District of Columbia.

Argued Oct. 7, 1943.

Decided Nov. 29, 1943.

Mr. Francis P. Keiper, of Chicago, Ill., with whom Mr. Earle D. Crammond, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, of Washington, D. C., Solicitor, United States Patent Office, was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The District Court dismissed appellant's bill to obtain a patent [1] on claims which the Patent Office had rejected for want of invention. The court found that the claims "are too broad and do not define an invention over the prior art."

The claims relate to "a sheet of wallpaper" and a method of making it. They involve printing on a single sheet bands of various colors, drying them, and then printing over them a common design which may or may not be in various colors. The claims do not mention samples or sample books. But the specification states that the "invention * * * while not limited to such application * * * has primary utility in mail order wall paper sample books." Appellant's conception permits effective display of several color combinations on a single sample sheet. This saves paper and postage and is, as the District Court found, a useful improvement in wallpaper samples.

We agree with the District Court that the claims are too broad, though from another point of view they may well be described as too narrow. The difficulty is that they relate to one thing while appellant's conception or improvement relates to another. Since the claims describe "a sheet of wallpaper" without limitation, they evidently describe a product which is intended for use on walls, not one which is useful only in sample books. Appellant's improvement, on the other hand, relates to a product which is useful only in sample books and is not intended for use on walls. As appellant says in its brief: "The invention as a matter of fact has no artistic value for going on walls. * * * The stripes do not abut and difficulty would be had to make them exactly abut. * * * It is * * * not actually the wallpaper from which a wall is to be covered."

---

[1] R.S. § 4915, 35 U.S.C.A. § 63.

18

"Under the statute it is the claims of the patent which define the invention. * * * [No claim] can be aided by reading into it parts of the specifications * * *."[2] We need not consider the present status of an exception to that rule under which claims which were too broad have sometimes been narrowed by reading into them parts of the specifications.[3] For two reasons such an exception, if recognized, would not aid appellant here. First, the specification in this case is not limited to samples or sample books. Second, as we have pointed out, the difficulty with the appealed claims is not merely that they cover full-size wallpaper, and in that regard are too broad. They are also too narrow, in that they do not cover samples or sample books. Whether or not a specification may limit claims, it is clear that it may not enlarge them.[4]

Furthermore, we agree with the Patent Office that there is nothing inventive in appellant's conception. Showing different colors side by side for comparison, and imposing one color upon another, are old and obvious.[5] We cannot say that appellant's application of these principles to wallpaper samples was not an "easy step."[6]

Affirmed.

[2] Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp. et al., 294 U.S. 477, 487, 55 S.Ct. 455, 459, 79 L.Ed. 1005; Seyfarth v. Coe, 1942, 76 U.S.App.D.C. 96, 129 F.2d 58.

[3] Smokador Mfg. Co. v. Tubular Products Co., 2 Cir., 1929, 31 F.2d 255.

[4] Fowler & Wolfe Mfg. Co. v. McCrum-Howell Co., 2 Cir., 215 F. 905, 909.

[5] E. g., Gould patent, No. 786,210; Stenz, No. 1,924,004; Pohlmann, No. 2,028,948.

[6] Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794. Cf. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.