Richard T. KEATING, Plaintiff,

v.

Robert C. WATSON, Commissioner of Patents of the United States, Defendant (two cases).

Civil A. Nos. 2321–54, 5540–55.

United States District Court
District of Columbia.

July 30, 1956.

J. Preston Swecker and William L. Mathis, Washington, D. C., Lowell F. Hammand Loftus, Lucas & Hammand, Chicago, Ill., for plaintiff.

C. W. Moore, Sol., Patent Office, Washington, D. C., Howard S. Miller, Washington, D. C., of counsel, for defendant.

WILKIN, District Judge (by designation).

These are two actions under 35 U.S.C. § 145, consolidated for trial, by which the plaintiff seeks a decree of this Court, in action 2321–54, authorizing the allowance of claims 1 to 8, inclusive, of his application for patent Serial No. 197,035, and in action 5540–55, a decree authorizing the allowance of claims 1 to 6, inclusive, of his application Serial No. 197,036, which claims were refused by the Board of Appeals.

The subject matter of the two Keating applications is a commercial deep fat fryer as used generally in restaurants, hotels, etc. A deep fat fryer is generally comprised of a supporting cabinet, gas burner apparatus, a frying vessel, a drain and drain spout for draining off contaminated cooking fats from the frying vessel, and a door at the front of the cabinet providing access to the drain spout.

The first application, Serial No. 197,035, is generally directed to the structure of the gas-fired heating elements of the fryer.

The second application, Serial No. 197,-036, relates to the structure of the drain for removing the fat and debris from the cooking vessel.

Plaintiff's first application provides for combustion flues extending transversely through the vessel intermediate the top and bottom, the flues being oval in cross section with their height greater than their width, and having internal combustion space with a volumetric capacity of substantially 2.8 cubic inches per square inch of area of the cooking vessel, and having substantially one square inch of surface area per cubic inch of combustion space.

The plaintiff's second application provides a drain and drain spout for draining off contaminated cooking fats, and a door at the front of the cabinet providing a more accessible and more convenient method of draining.

The Patent Office denied both applications, holding as to the first that it was not a matter of invention over prior practice or the disclosure of the patents to Kells and O'Dowd, to proportion the tubes as stated in the claims, since such proportions are within the realm of skill of the worker in the art, and easily arrived at by routine experimentation. And as to the second application, the Patent Office held that it was not a matter of invention over prior practice or the Pappas or Swindell patents, to place the drain nearer the front of the cabinet; nor was it invention to place the drain conduit and valve at an angle. And the Patent Office held that the convex shape of the door was merely a matter of design.

The evidence was quite clear that plaintiff's device was an improvement over prior fryers, and that it had attained commercial success. A cursory examination of the exhibits exemplifying the plaintiff's device revealed the reason why it had been accepted. It is more convenient, and the evidence revealed that it was more economical in use. In spite of those facts, however, the exhibits and the testimony failed to convince this Court that the accomplishments of the plaintiff arose to the dignity of invention, as defined in the law. These cases fall into that class of regrettable cases where improvements are made which are beneficial, yet do not show sufficient originality or novelty to merit a patent monopoly. An old adage says, Build a better mouse trap and the world will make a path to your door. But unfortunately the world does not always grant a patent.

The authorities are abundant that not all improvement is invention and entitled to protection as such. Some improvements are only matters of degree or change of design or proportions, the results of which would be apparent to any one of ordinary skill. The distinguishing features of the applicant's product must be new and original (invention), or must show an unexpected result (discovery).

The plaintiff's evidence fails to sustain the burden imposed by Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449. A consideration of all the evidence and the briefs brings this Court to a concurrence with the conclusions of the Patent Office.

Judgment for defendant. Complaints dismissed at plaintiff's costs. Counsel for defendant may prepare findings of fact, conclusions of law, and a final judgment order.