O’Connell, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office sustaining the primary examiner’s rejection, of claims 24,25, 27 and 28 of appellant’s application No. 388,175 for a patent on an earth boring method and apparatus. Claims 30, 31, 39 and 40 were originally included in the appeal, but the appeal as to those claims has been withdrawn. Fifteen claims of the application have been allowed.
Claims 24 and 27 which are representative of the appealed claims are as follows:
24. An explosive perforating unit, comprising, a hollow casing composed of imperforate glass material and hermetically sealed, a body of a detonating explosive enclosed within said casing, said body having a generally conical hollow in one end thereof spaced from one end wall of said casing and said body having its other end in contact with the opposite end wall of said casing, and a thin metallic liner having a shape corresponding to said hollow seated therein, said glass material transmitting detonating shock at high order from the exterior of said casing through the glass material of said opposite end wall directly to said body to obtain substantially complete high order detonation of said body to produce an effective perforating jet and with substantially complete disintegration of said casing.
27. An explosive unit, comprising, a hollow casing composed of glass material and sealed, a body of an explosive enclosed within said casing, said body having a generally conical hollow in one end thereof spaced from one end wall of said casing and said body having its other end in contact with the opposite end wall of said casing, and a thin metallic liner having a shape corresponding to said hollow seated therein.
*751 The references relied on by the Patent Office tribunals are:
Beach, 82,586, September 29,1868.
Miller, 494,877, April 4,1893.
Bolton, 2,265,982, December 16,1941.
Whitman, 2,300,823, November 3,1942.
Mohaupt, 2,407,093, Setpember 3,1946.
Muskat et al., 2,494,256, January 10,1950.
Sweetman, 2,629,325, February 24,1953.
“The Shaped Charge” by Yolta Torrey, published in “The Explosives Engineer,” July-August, 1945.
Appellant’s application relates to earth boring apparatus of the type in which a hollow drill bit is rotated at the end of a string of pipe. When a difficult earth formation is encountered, appellant raises the drill bit a short distance above the bottom of the bore and lowers an explosive perforating unit through the pipe string and drill bit ■until its rests on the bottom of the bore. The explosive charge is then detonated thus blasting out, or at least improving the drillability of, some of the material in the formation to be drilled. The appealed claims are concerned only with the particular type of explosive perforating unit and the process which results from its use, and it is unnecessary to consider further the other features of appellant’s invention.
Appellant’s application discloses two generally similar forms of explosive perforating unit, each of which comprises an elongated cylindrical body made of glass or similar material and having a cylindrical chamber which occupies approximately the lower half of the body and which contains the explosive charge. The upper portion of the body may be solid or hollow or may comprise a central core extending through an annular chamber. Such a core may carry electrical wires connecting with a detonator located at the top of the explosive charge, or it may take the form of a percussion cap extending to the top of the body and adapted to be actuated by a “go-devil” dropped down the pipe string.
The lower end of the explosive charge terminates above the bottom of the chamber in which it is located and is formed with a conical hollow which flares downwardly, and in which is seated a metal liner corresponding in shape with that of the hollow. When the charge is detonated the hollow tends to direct the force of the explosion axially against the bottom of the bore.
The patent to Beach discloses a torpedo for oil wells comprising a cylindrical shell of glass or similar material containing an explosive charge. It is stated in the patent • specification that the shell is broken, by the explosion, into fine particles which will not choke the well or cause derangement of the pumping mechanism.
*752 The patent to Mohaupt discloses an apparatus for punching sheet material, comprising a cylindrical casing adapted to be placed upon the material to be punched. The upper part of the casing contains an explosive charge which is supported above the bottom of the casing by a cutter member. When the charge is exploded the cutter member is driven downwardly through the bottom of the casing and punches a hole in the sheet material.
The Muskat et al. patent and the Torrey publication disclose the shaping of explosive charges by providing a conical hollow, covered by a similarly shaped metal liner, in the end of the charge toward which the force of the explosion is to be directed, and Torrey explains that such an arrangement greatly increases the explosive force in a direction axial with respect to the hollow. He also states that when the explosion is to be used to form a cavity in a surface, the charge should be spaced from the surface in order to obtain the maximum effect.
The Sweetman patent relates to a jet type perforating unit for use in oil wells. It discloses a glass casing containing an explosive charge having a conical hollow in one end covered by a similarly shaped liner. The end of the charge which contains the hollow is spaced from one end wall of the casing. The other end of the charge is in contact with the opposite end wall of the container, and the charge at that point is made more sensitive than elsewhere, either by packing it to a different density or by using a different type of material. The charge is detonated by a force applied externally of the casing and transmitted through the glass wall of the casing to the more sensitive portion of the charge. The patent specification states that it is important that the thickness of the casing wall at the point where the detonating force is applied must be such as to permit effective transmission of that force, and that such thickness should ordinarily be between one-eighth and one-fourth of an inch.
The patents to Miller, Bolton, and Whitman were not relied on in the rejection of the claims here on appeal, and need not be considered.
Appealed claims 24 and 25, which were copied by appellant from the Sweetman patent, were rejected on the ground that they are not supported by the disclosure of appellant’s application. It was held by the examiner and the board that appellant’s disclosure does not satisfy the following requirement of those claims: “said glass material transmitting detonating shock at high order from the exterior of said casing through the glass material of said opposite end wall directly to said body [of detonating explosive] to obtain substantially complete high order detonation.”
*753 The statement just quoted clearly requires that the wall of the casing must be of such a character and thickness that it will transmit a shock from the exterior of the easing sufficient to detonate the charge. As above noted, Sweetman indicates that the necessary thickness lies within the comparatively narrow range between one-eighth and one-quarter of an inch.
There is no suggestion in appellant’s specification that the detonating force may be applied to the charge from the exterior of the casing through the glass. On the contrary, as pointed out by the examiner, appellant, in each of the disclosed embodiments of his invention, employs a detonator which is directly in engagement with the explosive. It is true that the detonators are embedded in, or at least in contact with, the glass, and that, as contended by appellant, some of the force may be transmitted from the detonator through the glass to some parts of the charge. However, the specification makes no mention of such transmission and it seems clear that it is not relied on. It is plain that the primary, if not the only, force which causes detonation in appellant’s device reaches the charge directly from the detonator and not through the glass. It is evident that if appellant had considered that the detonating force could be transmitted through the glass he would not have taken the trouble to provide a detonator extending through the glass into contact with the charge.
Appellant urges that it is not necessary that the limitation here in question be expressly disclosed in his application, if it is inherent in what is disclosed therein. However, it is by no means inherent in the teaching of appellant’s application that the casing wall with which the charge is in contact shall be of such a character and thickness that the charge may be detonated through it by the application of an external force. On the contrary, in each of appellant’s embodiments, the casing wall in which the detonator is located is much thicker than the remainder of that wall, as distinguished from Sweetman’s structure in which the wall where the charge is to be detonated is thinner than the other portions of the casing wall.
Appellant notes that Sweetman’s claim 5 adds to claim 1, which corresponds to appealed claim 24, “a detonating means arranged entirely externally of said casing.” It is argued that this addition would be meaningless if claim 1 were read as including such a detonating means. That contention appears to be sound but, while Sweetman’s claim 1 (appealed claim 24) does not call for an external detonating means, it does, in our opinion, call for a structure in which the casing wall is so designed that such a means may be used, and appellant’s application does not disclose a casing wall of that type.
*754 We are in agreement with the tribunals of the Patent Office that claim 24 is limited to a device in which the charge may be detonated solely by a force applied to the glass wall of the casing from an exterior point, and that appellant’s application does not, expressly or inherently, disclose such a device.
The board further held that appellant’s charge does not contact an end wall of the casing, as required by claim 24, but an intermediate partition. In view of the conclusion reached above, it is unnecessary to consider that holding here.
Appealed claim 25 is dependent on claim 24 and includes an additional limitation. Accordingly, for the reasons given in connection with claim 24, the rejection of claim 25 as unsupported by the disclosure of appellant’s application will be affirmed.
Claims 27 and 28 were rejected as unpatentable over Beach in view of Mohaupt, Torrey or Muskat et al. Beach shows the use in oil wells of a torpedo which is made of glass so that it will be shattered by the explosion and may be readily removed. It was the opinion of the board, in which we concur, that it would not involve invention to employ in the Beach torpedo a shaped charge having a lined conical depression at one end and exploded by a detonator at the other, in the manner shown by Mohaupt, Torrey or Muskat et al.
The problem of removing the torpedo casing after the explosion is independent of the particular shape of the casing or charge. It is evident that the idea of making the casing of glass, which is clearly taught by Beach, is of general application and may be used with any desired shape or charge. The association of features of the different references as defined in claims 27 and 28 produces no advantage other than the sum of the advantages of the individual features. Under such circumstances no patentable invention is involved.
As noted by the board there is no disclosure in appellant’s application that the glass of which the casing is made has the property recited in claim 28 of “substantially complete disintegration at a vibration frequency corresponding to that of the shock wave generated by detonation of the explosive body” and accordingly patentability cannot be predicated on that feature. In re Dalzell et al., 35 C. C. P. A. (Patents) 1024, 166 F. 2d 834, 77 USPQ 164; Abbott et al. v. Coe, 71 App. D. C. 195, 109 F. 2d 449, 43 USPQ 267. Moreover, since Beach states that his casing is broken into “minute fragments” by the explosion, it is apparently composed of a material satisfying the requirement set forth in claim 28.
The decision of the Board of Appeals is affirmed.
Jackson, J., retired, recalled to participate.