Harry E. MORTON, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1528-62.

United States District Court
District of Columbia.

July 2, 1963.

Irvin A. Lavine, Washington, D. C., Arthur H. Seidel, Philadelphia, Pa., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

Plaintiff brought this action under 35 U.S.C., § 145 seeking a judgment authorizing the defendant to issue a patent to him containing claims 16–19, inclusive, appearing in an application of plaintiff for a patent Serial No. 653,383, filed April 17, 1957, entitled "Closure For Culture Vessels."

Both tribunals of the Patent Office rejected the claims as unpatentable over the prior art which consists of:

1. Morton Patent No. 2,287,746
   Entitled: "Test Tube Closure"
   Dated:    June 23, 1942
   Filed:    August 19, 1939

2. Giovanni (Italian) Patent No. 460,863
   Entitled: "Cap for Glass Tubes Adapted To Contain Tablets Or the Like"
   Dated:    December 21, 1950
   Filed:    November 22, 1949

Claim 16 of the involved application, which reads as follows, is illustrative of the subject matter of the application:

"16. An integral closure for culture vessels comprising a cylindrical body portion having a circular opening in one end and a ceiling portion at the other end, said cylindrical body portion being formed from thin, flexible, resilient stainless steel, a plurality of circumferentially spaced indentations extending from the sides of said cylindrical body to said ceiling portion, said indentations extending at an angle of forty-five degrees from said cylindrical body portion to said ceiling portion, said indentations being constructed and arranged to engage with the outer edge of the open end of a culture vessel and to center said closure in respect to said culture vessel with the body portion of said closure being spaced from the outside surface of the juxtaposed portion of the culture vessel, a plurality of inwardly directed detached similar resilient

fingers slitted from the wall of the cylindrical body portion and extending upwardly, with the point of juncture of each of said fingers with said cylindrical body portion being spaced near and at a uniform distance from the free edge of said circular opening so that a circular band of metal is formed intermediate the point of juncture of each of said fingers with said cylindrical body portion of the free edge of said circular opening, the overall height of the closure being more than two times the overall height of each finger, and the point of juncture of each of said fingers being spaced sufficiently close to the free edge of said circular opening so that the upper edge of each finger lies within the lower half of the closure."

The Morton patent discloses a cap or closure for a culture vessel which frictionally engages the open end of the vessel and affords the same venting feature as in the instant application.

The Giovanni patent shows a cap or closure designed to cover the end of a glass tube, the cap having elastic tongue members which are struck inwardly and upwardly from its cylindrical body and are adjacent to the free end of the cap.

■■ Plaintiff claims that the Morton reference was merely a paper patent, and that its closure was unsatisfactory for utility by the art, but the discrediting of a paper patent is not permitted. Siegel v. Watson, 105 U.S.App.D.C. 344, 267 F.2d 621. A patent will be as effective to invalidate a new patent, as though it had entered into the very lifeblood of the industry. Western States Mach. Co. v. S. S. Hepworth Co., 2 Cir., 147 F.2d 345, Cert. Denied, 325 U.S. 873, 65 S.Ct. 1414, 89 L.Ed. 1991.

The present application in its drawings is almost identical with that of the Morton patent with the exception that the closure of the invention is retained on the tube by reason of protuberances in the closure which engage the top of the tube, whereas, in the present application, as shown by the drawing, the fingers, instead of being protuberances, are in an upward position to engage frictionally the lower end of the tube.

The drawing of the Italian reference and its specification disclose that the specific fastening means of the cap to the tube are of an upward formation indicating that the specific means of fastening are old.

It is stressed on behalf of plaintiff that the material of which the closure is composed, and the location and orientation of the spring fingers are the features which distinguish the device of the application and the references.

The claims herein call for stainless steel as the material of the closure, and it is the contention of plaintiff that the stainless steel has the proper resiliency and heat resistance properties designed to perform adequately and that no other commercially available material has proven satisfactory.

As noted by the Board of Appeals, plaintiff's original claims were not restricted to stainless steel closures, and that in the specifications other metallic compositions of thermo-resistant plastics may be substituted.

■■ Criticality must be disclosed in the application. In Re Honnig, Cust. & Pat.App., 193 F.2d 191; In re Shoemaker, Cust. & Pat.App., 83 F.2d 288. The Court agrees with the Board that there is nothing of record which convincingly establishes that stainless steel is essential and critical in its use in the closures of the present invention. That type of steel was widely and well known and used for a long period prior to the filing of the involved application, and its uses are of common knowledge.

The advantages claimed by plaintiff for a cylindrical rim cap are inherent in the Italian structure, and the indentation and spacing of the cap in connection with the supporting tube, as well as the location of the tongues on the lower half of the cap, are clearly disclosed in the Morton patent, and therefore are not

826

patentable as set out in the involved claims.

■ The Court has carefully considered the record and exhibits herein, together with the briefs of the parties, and can find no error in the decision of the Board of Appeals, keeping in mind the presumption of correctness that attaches to such a decision. Abbott et al. v. Coe, 71 App.D.C. 195, 109 F.2d 449.

■ The findings of fact are apparent from what has been heretofore stated, and the Court finds that the plaintiff is not entitled to a patent on the claims herein involved, and judgment should be ordered against the plaintiff and in favor of the defendant.