James W. WILKINSON, and Hastings Manufacturing Company, Plaintiffs,

v.

David L. LADD, Commissioner of Patents, Defendant.

No. C.A. 1002–63.

United States District Court
District of Columbia.

Oct. 16, 1964.

Munson H. Lane, Conder C. Henry, Washington, D. C., Austin A. Webb, Kalamazoo, Mich., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action pursuant to 35 U.S.C. § 145 seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 21 through 27 of an application Serial No. 800,271, entitled "Oil Filter", filed March 18, 1959, by plaintiff, James W. Wilkinson and assigned to plaintiff, Hastings Manufacturing Company.

The invention described in the application relates to oil filter assemblies for automobile engines. Each assembly consists of an upright casing mounted on or near the engine, a sealed cover, a cylindrical filter cartridge of the disposable or throw-away type, and a spring-biased pressure relief valve affording a by-pass for the oil in the event the cartridge becomes clogged. The valve unit forms part of the disposable cartridge and is located at one end of an axial opening through the center of the cartridge. The valve is constructed like an annular disk so that it may accommodate an oil delivery tube around which the cartridge is mounted.

Claims 21 and 26 are representative of the two forms of plaintiffs' invention. In claim 21 the valve is placed at the upper end of the cartridge; in claim 26 it is placed at the lower end. The claims read as follows:

"*Claim 21:*

"In a filter for a pressure circulated medium, the combination of a casing including a bottom having an inlet opening and a discharge opening therein, an inlet tube mounted on said casing bottom in communication with said inlet opening thereof and discharging at the outer end of said casing, a filter cartridge supportedly seated on said bottom and surrounding and removably associated with said inlet tube and comprising inner and outer and top and bottom walls, the inner and outer walls being foraminate, said cartridge containing a compacted fibrous filtering medium, there being a discharge passage between said inlet tube and said inner cartridge wall opening to said discharge passage in said casing, said inlet tube projecting above and discharging into said casing above said cartridge, and a pressure relief valve comprising a valve casing supportedly mounted on the upper end of said cartridge and having a downwardly projecting portion projecting into and retainingly engaged with the upper end of said inner cartridge wall, said valve casing including an inwardly facing valve seat having an inlet opening to said casing and discharging into said discharge passage, an annular disk valve disposed in said valve casing in coacting relation to said valve seat, and a coil spring supportedly disposed within said valve casing in coacting relation to said valve and tensioned to hold said valve on its seat only under such pressure as is required for passing a substantial portion of circulated medium through the filtering material within the cartridge.

"*Claim 26:*

"In a filter for a pressure circulated medium, the combination of a casing including a bottom having an inlet opening and a discharge opening therein and having an upwardly facing cartridge seat surrounding said openings, an inlet tube mounted on said casing bottom in communication with said inlet tube thereof and discharging at the outer end of said casing, a filter cartridge containing a compressed fibrous filtering medium supportedly seated on said bottom and removably associated with said inlet tube and comprising end walls and inner and outer foraminate walls, there being a discharge passage between said inner cartridge wall and said inlet tube, a valve casing disposed at and fixedly connected to said inner car-

tridge wall at its lower end, a valve seat member disposed within said valve casing and having inlet openings therein, a tubular discharge member for said valve casing disposed through said valve seat and seated upon said cartridge seat on said bottom to discharge into said discharging opening of said casing bottom, a valve disposed within said valve casing in coacting relation to said valve seat thereof, and a coil spring supportedly disposed within said valve casing in coacting relation to said valve and tensioned to hold the valve on its seat under predetermined pressure required for passing of the circulated medium through the filtering material within the cartridge."

Those claims were rejected by the Patent Office on the ground that their subject matter would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains. 35 U.S.C. § 103. In support of this rejection the Patent Office cited United States Patents to Kovacs, et al., No. 2,-533,266, Vokes, No. 2,598,322 and Wilkinson, No. 2,855,103. At trial the Patent Office introduced additional patents to Aldham, No. 2,221,465, and Boewe, et al., No. 2,955,249.

The Kovacs et al. patent (1950) shows in Figure 5 an oil filter assembly similar to plaintiffs' first species, where the relief valve is disposed at the top of the filter cartridge so as to be remote from the point at which oil leaves the filter casing. The relief valve itself is in the form of a spring biased sleeve, and covers radial ports in a tube which surround the central oil delivery tube (or standpipe). The space between the tube and and the standpipe defines the exit through which oil passes down and out of the casing, the tube having other lateral ports through which the filtered oil normally flows after passing radially through the cartridge. The valve assembly of Kovacs et al. forms part of the

cover for the casing, and is not thrown away with a spent cartridge.

The patent to Vokes, granted in 1952, shows an inner cartridge and relief valve arrangement similar to plaintiffs' second species, in the sense that the relief valve is near the point at which fluid leaves the casing. Vokes' relief valve is an annular disk held against fluid ports by a spring.

The patent to Wilkinson, granted in 1958, is plaintiffs' own patent and shows a filter assembly similar to the first species of their application here, except that no relief valve is included.

The Aldham patent, granted in 1940, discloses a disposable oil filter cartridge having a built-in pressure relief valve in its crown. One of its objects was said to be the provision of a by-pass means in the cartridge which may be removed and replenished each time the cartridge is changed, thus tending to prevent failure of the by-pass apparatus by reason of fatigue of the spring. Although Aldham delivers oil at the side of his casing, rather than up through a standpipe as in plaintiffs' assemblies, the filtering method is basically the same.

The Boewe et al. patent (1961) reveals a disposable cartridge having an annular disk relief valve directly incorporated within it. In discussing the removal of the cartridge, the Boewe patentees state that "(t)he old bypass valve is discarded with the cartridge".

At trial it was shown by plaintiffs that certain structural details of their valve and cartridge filter combination were not anywhere disclosed in the patents relied upon by the defendant Patent Office. In response to this showing, the defendant contended these structural details would have been obvious to persons skilled in the art. (35 U.S.C. § 103).

The specific rationale underlying this contention with respect to claims 21 through 25 was that a person having ordinary skill in the art would find it "obvious" to redesign the assembly of Kovacs so the valve element, instead of

being mounted upon the oil inlet tube, would be mounted upon the cartridge instead. The Court, giving due regard to the presumptive correctness of Patent Office adjudications,[1] cannot agree with this.

The evidence at trial demonstrated beyond doubt that no hint whatever appeared in the Kovacs patent that such a fundamental change in its character was contemplated. Similarly, it became just as clear that the Aldham and Boewe devices, relied upon by the defendant to show a motive for attaching filters to cartridges, were not at all concerned with assemblies intended for use with oil inlet tubes (standpipes). It was in fact proved that neither the Aldham nor the Boewe device could operate in combination with such an element.

Whence, then, it must be asked, came the inspiration for attaching a valve to a cartridge for use with a standpipe? The Patent Office offers no clue so the Court is bound to conclude the same must have emanated from a creative act worthy of protection under the patent statutes.

The defendant's theory as to claims 26 and 27 was that it would have been obvious to redesign the cartridge of the plaintiffs' previous patent to incorporate at the bottom the valve unit disclosed by Vokes. In order to show this step to be obvious, the patent to Boewe was again relied upon. The same proofs at trial that demonstrated error in the rejection of claims 21 through 25 also demonstrated error in this one. The plaintiffs' prior patent, while being concerned with a standpipe, certainly did not suggest that a valve might be included in its structure. The patent to Vokes does not relate to attaching valves to cartridges, and the Boewe reference, as pointed out before, cannot function in combination with a standpipe.

The Court, from the evidence, finds completely absent any substantial showing that it would have been obvious from the references to create the subject matter of plaintiffs' invention.

Accordingly, the Court finds for the plaintiffs, and against the defendant, and authorizes the Commissioner of Patents to issue to plaintiffs Letters Patent of the United States containing claims 21 through 27 of the application before the Court.

The above Opinion contains Findings of Fact and Conclusions of Law.

---

1. Abbott v. Coe, 71 U.S.App.D.C. 195, 109 F.2d 449 (1939).