Donald H. Zarley, Bruce W. McKee, Dick, Zarley, McKee & Thomte, Des Moines, Iowa, Samuel Davidson, Jacobi, Davidson & Jacobi, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., Jere W. Sears, Washington, D. C., of counsel, for defendant.

**Robert K. STOUT, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 739–65.**

United States District Court
District of Columbia.

June 29, 1966.

## FINDINGS OF FACT

JACKSON, District Judge.

1. This is a civil action under 35 U.S.C. § 145 in which plaintiff seeks an order authorizing defendant to issue a patent to him containing Claims 1–7, 9 and 10 of his application Serial No. 250,461, filed January 7, 1963, entitled "Concrete Wall Construction Form."

2. Claim 1 is representative and reads as follows:

In a wall construction form, a solid precast lightweight rectangular metal sheet member of continuous construction, said metal sheet having an inside surface and an outside surface, the perimeter of said sheet being comprised of four straight sides, a reinforcing flange on the perimeter of said sheet extending outwardly from the inside surface of said sheet and protruding beyond said outside surface and at a right angle thereto, a plurality of parallel spaced apart elongated bars integral with and extending in an opposite direction from the forward side of said sheet member to present a pattern of simulated indented mortar

joints in a poured and hardened concrete wall, exposed areas on said sheet member in between said bars, each of said exposed areas presenting a differently contoured surface of said sheet member one side, the entire area in between all of said bars being of continuous construction and presenting an irregular surface, said irregular surface being comprised of a plurality of small indentations and protruding portions of different sizes and shapes located in an irregular and non-symmetrical pattern, said indentations and protruding portions being free from continuous fixed and visible inter-matching boundaries so that the area of transition therebetween will not be readily visually ascertained.

3. Additional features recited in some of the other claims include an arcuate cross-section for the bars, the extension of some of the irregular surfaces to the opposite side edges of the sheet member where the edges have substantially identical shape for registration with juxtaposed like sheets, and a second sheet in edge abutment with the first sheet and having complementary irregular surface design. The surface of a poured concrete wall molded against said sheet members approximates that of a real brick wall, the complementary irregular surfaces thereof tending to disguise the seams where they pass through simulated brick areas. Such irregular or rough surfaces were also disclosed as tending to camouflage voids left by small entrapped air pockets between the sheet members and the poured concrete.

4. The following United States patents were cited in the decision of the Patent Office Board of Appeals, as having been relied upon by the Examiner:

| | | |
|---|---|---|
| Witthoefft | 916,084 | Mar. 23, 1909 |
| Edison | 1,123,261 | Jan. 5, 1915 |
| Urschel | 1,636,396 | July 19, 1927 |
| Jelks | 2,627,100 | Feb. 3, 1953 |

5. Witthoefft discloses metal facing plates for molds used in erecting concrete walls. These molds have integral ribs on their inner faces to impress simulated mortar joint recesses in the concrete. The ribs appear to be arcuately convex in cross-section, judging from Figure 19. The surfaces between the ribs may be "either rough or smooth." An exemplary rough or irregular surface, shown in cross-section in Figure 17, presents rounded or arcuate crests and valleys, as noted by the Examiner. The molds may have straight vertical edges, intersecting brick simulating areas in plaintiff's manner, as shown on the left of Figure 18.

6. Edison shows rectangular metal mold sheets for casting concrete house walls. These molds are self-sustaining, and have rearwardly directed marginal flanges for strength. The sheets may be juxtaposed and secured together at said flanges to make up large composite mold surfaces.

7. Urschel discloses self-sustaining cast aluminum mold sheets for casting concrete walls. Ribs appear on the inner faces of the sheets, producing simulated mortar joint grooves in the poured and hardened concrete. The sheets have interlocking vertical edges, so that the seam or joint lines between juxtaposed sheets follow the mortar joint simulating ribs.

8. Jelks discloses concrete wall molding sheets similar to those of Witthoefft, with unmistakably arcuate shape for the mortar joint simulating ribs, as shown in Figure 7.

9. At the trial, a sales manager for Pax Products, assignee of a half interest in plaintiff's application, testified that plaintiff's form was easier to strip from a poured and hardened concrete wall than the older smooth forms made of plywood. He also explained how the protrusions in the rough or irregular surfaces on plaintiff's form held coarse aggregate away from the surface of the poured wall, permitting the fine cement paste to form an outer skin more resistant to weathering than that usually obtained with smooth molds. However, no evidence was submitted pertaining to actual comparative tests of the reference mold surfaces in these respects, particularly the "rough" surface disclosed by Witthoefft. Also, plaintiff's application makes no mention

of some of the advantages now ascribed to the irregular or rough surfaces between the ribs. It further appears from plaintiff's Exhibits 77 and 79 that plaintiff's "Repel-Con" release agent or lubricant is primarily the cause of the ease of stripping plaintiff's forms.

10. The Court agrees with the Examiner and Board of Appeals that the subject matter of Claims 1–7, 9 and 10 as a whole would have been obvious to a person having ordinary skill in the concrete molding art at the time of plaintiff's invention. The fashioning of self-sustaining metal mold sheets for concrete is taught by Edison, with Urschel suggesting the use of a lightweight metal such as aluminum for obvious ease in handling. Each of Jelks, Urschel and Witthoefft disclose the common idea of disposing integral ribs on the inner face of a mold sheet, to produce simulated mortar joint grooves in the poured and hardened concrete wall. Jelks and Witthoefft each suggest an arcuate convex cross-section for such ribs. Witthoefft discloses roughening of the mold surfaces between ribs, to produce simulated "stones" having "rough" surfaces. Such roughening is deemed comparable to the broadly defined irregular surfaces in plaintiff's claims, and would inherently serve the same functions. Any differences in that respect would be of degree, rather than kind. Essentially, plaintiff's irregular surfaces were merely disclosed as a mold design feature, to enhance the appearance of the poured and hardened concrete wall. Continuity of such rough or irregular design at the juncture of abutted sheets would naturally be expected of a skilled mold designer. Hence, plaintiff's Claims 1–7, 9 and 10 represent no more than an obvious combination of old structural and design features, yielding no unusual or surprising consequence that is disclosed in his application as originally filed.

11. The commercial success attained by plaintiff's form is not a controlling factor here. The Court has no doubt as to the unpatentability of Claims 1–7, 9 and 10 over the cited prior art.

## CONCLUSIONS OF LAW

1. Patentability of an invention disclosed and claimed in a pending application, as distinguished from validity of a patent already granted for an invention, cannot be predicated on asserted unexpected beneficial results or advantages not disclosed, at least generally or implicitly, in the application as originally filed. Abbott et al. v. Coe, 71 App.D.C. 195, 109 F.2d 449 (1939); In re Lundberg, 253 F.2d 244, 45 CCPA 838 (1958).

2. Claims 1–7, 9 and 10 are unpatentable under 35 U.S.C. § 103.

3. Plaintiff is not entitled to a patent containing any of Claims 1–7, 9 and 10.

4. The Complaint should be dismissed.